BONEY P. NODINE AND ALL PERSONS OBLIGORS TO GOODYEAR MORTGAGE CORPORATION ON GI LOANS, I.E., VETERANS ADMINISTRATION GUARANTEED AND/OR INSURED LOANS v. GOODYEAR MORTGAGE CORPORATION.

(Filed 9 October 1963.)

**1. Parties § 2—**

A party plaintiff may not join with his own cause of action against defendant causes of action against the same defendant in favor of other parties similarly situated, certainly in the absence of a showing of authority to bring such actions in their behalf.

**2. Money Received—**

A complaint alleging unauthorized charges for delinquent payment of installments on a note secured by a mortgage, without allegations as to when, under what circumstances, and in what amounts the creditor required plaintiff to pay the "late charges" *held* insufficient to state a cause of action.

**3. Pleadings § 19—**

Upon sustaining a demurrer to a complaint stating a cause of action in a defective manner in omitting essential averments, the action should not be dismissed until plaintiff is given opportunity to move for leave to amend. G.S. 1-131.

APPEAL by plaintiff(s) from *Brock, Special Judge,* January 21, 1963, Special "B" Session of MECKLENBURG.

The hearing below was on demurrer to the complaint.

The allegations of the complaint, summarized in part and quoted in part, are as follows:

On April 2, 1952, Nodine executed and delivered to Goodyear Mortgage Corporation a certain deed of trust on VA Form 4-6331, "which deed of trust runs to W. Y. Wilkins, Jr., Trustee for Goodyear Mortgage Corporation, to secure an indebtedness in the amount of $9,025.00 evidenced by a note of even date and of like amount on VA Form 4-6331a."

One of the clauses of said deed of trust and also of said note is worded (with variations indicated) as follows: ". . . principal and interest being (shall be) payable at the office of Goodyear Mortgage Corporation in Charlotte, North Carolina, *or at such other place as the holder may designate in writing delivered or mailed to the party of the first part (debtor)*, in monthly installments of $47.64 commencing on the first day of May, 1952 . . ." (Our italics).

The "unnamed plaintiffs" are numerous persons who have executed and delivered to Goodyear Mortgage Corporation notes evidencing their respective indebtednesses on VA Form 4-6331a and deeds of trust on VA Form 4-6331 "running to a trustee named therein." These deeds of trust, except for differences in the amount of the indebtedness and of the required monthly payment, contain the same clauses as the deed of trust executed by Nodine.

Each deed of trust obligates "the party of the first part" to pay each month, in addition to the stated amount required to cover principal and interest, a pro rata part of the annual "ground rents," taxes and insurance. Each deed of trust contains this provision: "The party of the third part may collect a 'late charge' not to exceed an amount equal to four percentum (4%) of any installment which is not paid within fifteen (15) days of the due date thereof, to cover the extra expense involved in handling delinquent payments."

It is alleged in paragraph 10 that "subsequent to the execution to (*sic*) the deed of trust at all times when payment was made more than 15 days after the due date the defendant has demanded and required under threat of foreclosure a payment of late charges of 4% of the total of the monthly installment of principal and interest plus the deposit for taxes and insurance set out above." It is alleged that the demand and requirement that "late charges" be paid on the part of the monthly payment deposited for use in payment of taxes and

insurance "was a breach of the contract terms and was improper and unconscionable."

The prayer of the complaint is that the court "construe the meaning of the term 'installment' for the purpose of determining the amount which is the proper basis for the computation of late charges under the terms of the aforementioned deeds of trust"; that the court "appoint a referee or an auditor to audit the books of the defendant to determine the amount that may be due each plaintiff"; that "each plaintiff have judgment against the defendant in such amount as the audit may show as has been overcharged by the defendant to the respective plaintiffs"; and that "the defendant be restrained and enjoined from making future demands in excess of the amount determined by this Court to be the proper construction of the term 'installment' in the deed of trust for the computation of late charges."

Defendant demurred on the ground the complaint did not allege facts sufficient to constitute a cause of action. The court sustained the demurrer and dismissed the action. Plaintiff(s) excepted and appealed.

*W. Y. Wilkins, Jr., for plaintiff appellant.*
*Hedrick, McKnight & Parham for defendant appellee.*

PER CURIAM. The interest of Nodine, the named plaintiff, relates solely to the note and deed of trust executed and delivered by him under date of April 2, 1952; and the interest of each of the so-called "unnamed plaintiffs" relates solely to the particular note and deed of trust executed and delivered by him. The facts alleged are insufficient to show Nodine had or has authority to file suit or otherwise act in behalf of any of the unnamed persons he undertakes to join as plaintiffs in this cause. Such unnamed persons may not be considered plaintiffs herein.

With reference to whether the facts alleged are sufficient to constitute a cause of action in favor of Nodine and against Goodyear Mortgage Corporation, the complaint discloses:

1. Particular clauses of the (Nodine) note and deed of trust are quoted. Neither instrument is set out in full. Nor is a copy of either instrument attached to the complaint.

2. There is no allegation that Goodyear Mortgage Corporation is the owner and holder of the note. Its present relationship to the note and deed of trust does not appear.

3. It is unclear whether the allegations of paragraph 10 refer to transactions between Nodine and Goodyear Mortgage Corporation or

to transactions between Goodyear Mortgage Corporation and one or more of the "unnamed plaintiffs." If intended to refer to transactions between Nodine and Goodyear Mortgage Corporation, the allegations are silent as to when, under what circumstances and in what amounts Nodine's payments for taxes and insurance became and were delinquent, and as to when, under what circumstances and in what amounts Goodyear Mortgage Corporation required Nodine to pay a "late charge" in connection therewith.

In our view, *the facts* alleged by Nodine are insufficient to constitute a cause of action. Even so, it does not appear affirmatively that Nodine has no cause of action. *Skipper v. Cheatham,* 249 N.C. 706, 711, 107 S.E. 2d 625. Hence, Nodine may move for leave to amend in accordance with G.S. 1-131.

The portion of the order sustaining the demurrer is affirmed. However, the portion thereof dismissing the action is erroneous and should be stricken therefrom. It is so ordered. As so modified, the judgment is affirmed.

Modified and affirmed.