PAUL MOSLEY, AND ALICE MOSLEY, HIS WIFE, INDIVIDUALLY AND ON BEHALF OF OTHERS UNDER THE PROVISIONS OF RULE 23 OF THE NORTH CAROLINA RULES OF CIVIL PROCEDURE v. NATIONAL FINANCE COMPANY, INC.; NORTHWESTERN INSURANCE COMPANY; AND EDWIN M. ROLLINS, INC.

No. 7719SC267

(Filed 18 April 1978)

1. **Rules of Civil Procedure § 56— summary judgment—findings of fact not required**

   A trial judge is not required to make findings of fact and conclusions of law in determining a motion for summary judgment because, if findings of fact are necessary to resolve an issue, summary judgment is improper.

2. **Uniform Commercial Code § 75— non-filing insurance—premium charged to borrower**

   The practice of charging a borrower sixty cents for non-filing insurance is fully supported by G.S. 53-177.

3. **Unfair Competition; Uniform Commercial Code § 75— filing fee waived—non-filing insurance—unfair trade practice alleged—standing of borrower to sue**

   Plaintiff borrowers from defendant finance company had no standing to challenge a sixty cent fee for non-filing insurance since (1) the fee was less than the $2.00 filing fee required by the Uniform Commercial Code and plaintiffs benefited by paying the lower fee, and (2) even if defendant was not en-

Mosley v. Finance Co.

titled to keep back fifty-four of the sixty cents and pay only six cents for the insurance coverage, plaintiffs were in no way concerned as they were in no way beneficiaries of the policy.

**4. Damages § 1; Equity § 1.1— de minimis non curat lex—when applicable**

The maxim *de minimis non curat lex* applies only when the gist of an action is damage, and it does not apply when the construction of a statute is involved or where the wrong is of the sort where nominal damages are presumed upon the allegation and proof of wrongdoing.

APPEAL by plaintiffs from *McConnell, Judge*. Orders entered 1 February 1977, in Superior Court, CABARRUS County. Heard in the Court of Appeals 31 January 1978.

The named plaintiffs bring this action on behalf of themselves and others unnamed, alleging that named plaintiffs, on two occasions in 1975, borrowed $1,500 from defendant Finance Company, and were charged 60 cents in each loan, under the pretext that it was for non-filing insurance, but that non-filing insurance was not written and not intended to be written; that the fee charged was part of a plan of the defendants to take money from plaintiffs as borrowers and divide it among themselves.

The plaintiffs allege unfair and deceptive trade practices and seek treble damages and attorney's fees under Chapter 75 of the General Statutes, and other relief, including that to which they may be entitled under the North Carolina Consumer Finance Act, Chapter 53 of the General Statutes.

Defendants made motions to strike, to dismiss under G.S. 1A-1, Rule 12(b)(6) and, in the alternative, for summary judgment pursuant to Rule 56. Plaintiffs also moved for summary judgment.

The court granted summary judgment to defendants and denied it to plaintiffs. From this order plaintiffs appealed.

*Wesley B. Grant for plaintiff appellants.*

*Williams, Willeford, Boger & Grady by Samuel F. Davis, Jr.; Webb, Lee, Davis, Gibson & Gunter by Joseph G. Davis, Jr., for defendant appellee, National Finance Company, Inc.*

*Jordan, Wright, Nichols, Caffrey & Hill by Edward L. Murrelle and Robert D. Albergotti for defendant appellee, Northwestern Insurance Company.*

CLARK, Judge.

Matters supporting the motions for summary judgment were affidavits, interrogatories, and the non-filing insurance policy issued by defendant Insurance Company to defendant Finance Company and countersigned by defendant Rollins, Inc., as agent.

These supporting matters established that defendant Insurance Company had issued a non-filing insurance policy to defendant Finance Company; that the policy was in effect when the loans were made; that the policy and the 60 cent rate was approved by the Commissioner of Insurance on 20 September 1961; that defendant Finance Company retained 54 cents of the 60 cents as commission and paid 6 cents to defendant Rollins, Inc. as agent for defendant Insurance Company.

[1] The named plaintiffs requested that the trial court, in rendering summary judgment, find facts specifically and express its conclusions of law pursuant to G.S. 1A-1, Rule 52. A trial judge is not required to make finding of fact and conclusions of law in determining a motion for summary judgment, and if he does make some, they are disregarded on appeal. Shuford, N.C. Practice and Procedure, § 56-6 (1977 Supp.). Rule 52(a)(2) does not apply to the decision on a summary judgment motion because, if findings of fact are necessary to resolve an issue, summary judgment is improper. However, such findings and conclusions do not render a summary judgment void or voidable and may be helpful, if the facts are not at issue and support the judgment. *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 215 S.E. 2d 162 (1975).

In the case *sub judice*, the facts found by the trial court shed some light on the court's reasoning in rendering summary judgment for defendants. The trial court found, in pertinent part:

"4. The 60¢ premium charged the plaintiffs for non-filing insurance was paid by National Finance Company, Inc. to Edwin M. Rollins, Inc. and Northwestern Insurance Company after National Finance Company, Inc. deducted the commission to which it was entitled;

. . . .

6. The plaintiffs have failed to allege in their complaint their authority to sue on behalf of the purported unnamed plaintiffs;

7. Any recovery by the plaintiffs, or the purported un-named plaintiffs would be de minimis; . . ."

[2, 3] The practice of charging a borrower 60 cents for non-filing insurance is fully supported by G.S. 53-177, which provides:

"The licensee may collect from the borrower the actual fees paid a public official or agency of a county or the State, for filing, recording, or releasing any instrument securing the loan. A licensee shall not collect or permit to be collected any notary fee in connection with any loan made under this Article. In lieu of recording any instrument and in lieu of collecting any recording fee herein authorized, a lender may take out nonrecording or non-filing insurance on the instrument securing the loan and charge to the borrower the amount as fixed by the Commissioner of Insurance, but the amount so charged to the borrower shall not in any event exceed sixty cents (60¢) with respect to any one loan."

The purpose of the 60 cent charge for non-filing insurance is to protect the lender, not the borrower. In order to have a protected security interest, the lender has to file a Uniform Commercial Code financing statement with the appropriate register of deeds. G.S. 25-9-302 et seq. It is established that the borrower pay the $2.00 fee (standard size form) for the filing of a financing statement. G.S. 25-9-403. The non-filing insurance charge of 60 cents is beneficial to the borrower in the sense that he enjoys a net savings of $1.40, the difference between the non-filing insurance charge and the U.C.C. filing fee. The non-filing insurance policy does not fully protect the defendant Finance Company against all risks, and recovery is limited to $900 of loss on any loan to any one customer. Thus, the defendant Finance Company was a partial self-insurer.

Plaintiffs' complaint and defendants' affidavits and other material make it clear that plaintiffs failed to show injury resulting from defendant Finance Company's retention of 54 cents of the 60 cent non-filing insurance premium charged. Plaintiffs paid 60 cents in each loan, the statutory maximum under G.S. 53-177, and defendant Finance Company kept 54 cents and paid only 6 cents for the insurance. The coverage under the policy was limited. But, regardless of whether defendant Finance Company was entitled to keep back 54 cents, plaintiffs were in no way con-

cerned as they were in no way beneficiaries of the policy. They did not lose anything; they suffered no damage. They have no standing to sue, and lack of standing is a matter for dismissal. *Mozingo v. Bank*, 31 N.C. App. 157, 229 S.E. 2d 57 (1976). As matters were accepted by the court outside the pleading, defendants' motion for summary judgment, rather than a Rule 12(b)(6) motion to dismiss, was properly considered and granted. G.S. 1A-1, Rule 12(b)(6).

Plaintiffs' complaint fails to allege their authority to sue on behalf of the purported unnamed plaintiffs, and therefore is insufficient to raise a class action. G.S. 1A-1, Rule 23(a); Rule 9(a); *Nodine v. Mortgage Corp.*, 260 N.C. 302, 132 S.E. 2d 631 (1963), decided under G.S. 1-70 but still controlling. *See* Shuford, N.C. Practice and Procedure § 23-1. The trial court considered this insufficiency in its Finding of Fact No. 6. We note that even were plaintiffs to cure this defect and support their request for class action, their complaint alleges no more injury to the unnamed plaintiffs than to themselves, and their pleading should still be dismissed with prejudice.

[4]　Though not necessary to disposition on appeal, we note that the trial court also considered the issue of the amount of plaintiffs' recovery and judged it "de minimis." We disagree. The maxim *de minimis non curat lex* permits a court to dismiss, presumably on a Rule 12(b)(6) motion, or, possibly even on its own, an action based upon a wrong which constitutes only a trifling invasion of the plaintiffs' rights or results in only trifling damage. 1 Am. Jur. 2d, Actions, § 67, p. 596. But "[i]t is only when the *gist* of the action is damage that the maxim *de minimis non curat lex* applies, and that the law no longer distinguishes between no appreciable damage and no damage at all." [Emphasis added.] *Eller v. R.R.*, 140 N.C. 140, 143, 52 S.E. 305, 306 (1905). It does not apply when the construction of a statute is involved, as in the case *sub judice*, or where the wrong is of the sort where nominal damages are presumed upon the allegation and proof of wrongdoing. Dobbs, Remedies, § 3.8, p. 191. If only the named plaintiffs had had standing to sue, and even if their action were not covered by Chapter 75, permitting treble damages and attorney's fees, their loss of 108 cents would not be *de minimis*.

Because plaintiffs did not show injury, the order granting defendants' motion for summary judgment is

Affirmed.

Judges MORRIS and MITCHELL concur.