LILLARD THEODORE CROW, JR. AND JEAN EDWARDS CROW, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED v. CITICORP ACCEPTANCE CO., INC., A DELAWARE CORPORATION, AND CITICORP PERSON TO PERSON FINANCIAL CENTER, INC., A NORTH CAROLINA CORPORATION

No. 8510SC969

(Filed 18 February 1986)

**Rules of Civil Procedure § 23— purchasers of mobile homes who financed purchase —no community of interest—no class action**

There was insufficient community of interest between the named plaintiffs and the unnamed plaintiffs to require the trial court to certify the action as a class action where plaintiffs alleged that they and unnamed others purchased new mobile homes within North Carolina and financed at least $3,000 of their purchases through retail installment sales contracts entered after 1 April 1980; the contracts fixed a finance rate in excess of the maximum rate allowed by statutes; and the contracts were ultimately assigned to defendants.

APPEAL by plaintiffs from *Bailey, Judge.* Order entered 3 July 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 5 February 1986.

This is an appeal from an order granting partial judgment on the pleadings and dismissing without prejudice the claims of all unnamed class action plaintiffs. The plaintiffs allege that the plaintiffs, both named and unnamed, purchased new mobile or manufactured homes within North Carolina; that they financed at least $3,000.00 of their purchases through retail installment sales contracts entered after 1 April 1980; that the retail installment sales contracts fixed a finance charge rate in excess of the maximum rate allowable under G.S. 25A-44(1), part of the North Carolina Retail Installment Sales Act and G.S. 24-2, the North Carolina general usury statute; and that the retail installment sales contracts were ultimately assigned to defendants. Defendants moved pursuant to Rules 12(f), 12(c) and 23(a) of the North Carolina Rules of Civil Procedure to strike plaintiffs' motion to certify the action as a class action and to dismiss the class action without prejudice. From an order dismissing the class action without prejudice, plaintiffs appealed.

*Edelstein and Payne, by M. Travis Payne; Nixon, Yow, Waller & Capers, by John B. Long; Hull, Towill, Norman & Barrett, by David E. Hudson; and Dye, Miller, Tucker & Everitt, by Thomas W. Tucker, for plaintiffs, appellants.*

*Moore, Van Allen, Allen & Thigpen, by John T. Allred, Robert D. Dearborn, Randel E. Phillips and William D. Dannelly, for defendants, appellees.*

HEDRICK, Chief Judge.

The first issue raised by this appeal is whether it should be dismissed as premature. The order dismissing the class action does not determine the controversy and is interlocutory. However, the order affects a substantial right of the unnamed plaintiffs and is immediately appealable. *Perry v. Cullipher*, 69 N.C. App. 761, 318 S.E. 2d 354 (1984).

In *English v. Realty Corp.*, 41 N.C. App. 1, 254 S.E. 2d 223, *disc. rev. denied*, 297 N.C. 609, 257 S.E. 2d 217 (1979), we set out six requirements for class actions under G.S. 1A-1, Rule 23(a).

These requirements are:

1. The existence of a class;

2. The class members within the jurisdiction of the court must adequately represent any class members outside the jurisdiction of the Court;

3. The class must be so numerous as to make it impracticable to bring each member before the court;

4. More than one issue of law or fact common to the class should be present;

5. The party representing the class must fairly insure the representation of all class members;

6. Adequate notice must be given to the class members.

*Id.* The party asserting the class action has the burden of showing that all of the prerequisites to utilizing the class action procedure have been satisfied. *Id.* Although Rule 23 should receive a liberal construction and be kept free from technical restrictions, a court has broad discretion in deciding whether to allow a class action. *Id.*; *In re Engelhard & Sons Co.*, 231 U.S. 646, 34 S.Ct. 258, 58 L.Ed. 416 (1914); 7A Wright and Miller, *Federal Procedure*: Civil Sec. 1785, p. 134.

In applying the law of class actions to the case at hand, we find it necessary to discuss only the first requirement of class actions, the existence of a class. Whether a class exists is a question of fact to be determined by the court on a case-by-case basis. "Apparently any group of persons having a community of interest in a particular matter constitutes a class and one or more of the group may sue or be sued on behalf of all." Shuford, *N.C. Civ. Prac. & Proc.* (2nd ed.), Sec. 23-3. The central issue raised by this appeal is whether there is a sufficient community of interest between the named plaintiffs and the unnamed plaintiffs to meet the requirements of G.S. 1A-1, Rule 23(a).

In *Nodine v. Mortgage Corp.*, 260 N.C. 302, 132 S.E. 2d 631 (1963), a mortgagor brought suit on behalf of himself and a class of unnamed plaintiffs to challenge the defendant-mortgagee's use of a late charge clause in the defendant-mortgagee's standard form deed of trust. Our Supreme Court stated that:

The interest of Nodine, the named plaintiff, relates solely to the note and deed of trust executed and delivered by him under date of April 2, 1952; and the interest of each of the so-called "unnamed plaintiffs" relates solely to the particular note and deed of trust executed and delivered by him. The facts alleged are insufficient to show Nodine had or has authority to file suit or otherwise act in behalf of any of the unnamed persons he undertakes to join as plaintiffs in this cause. Such unnamed persons may not be considered plaintiffs herein.

*Id.* at 304, 132 S.E. 2d at 633. Although *Nodine* was decided prior to the enactment of G.S. 1A-1, Rule 23, it continues to state the rule in effect in North Carolina. See *Mosley v. Finance Co.*, 36 N.C. App. 109, 243 S.E. 2d 145, *disc. rev. denied,* 295 N.C. 467, 246 S.E. 2d 9 (1978).

*Nodine* and *Mosley* are not significantly distinguishable from the case before us. The interest of each of the unnamed plaintiffs relates solely to the particular retail installment sales contract which each plaintiff signed. We therefore hold that the trial court did not err in dismissing the class action. There is insufficient "community of interest" between the named plaintiffs and the unnamed plaintiffs to require the trial court to certify the action as a class action.

Appellants' reliance on *Mills v. Cemetery Park Corp.*, 242 N.C. 20, 86 S.E. 2d 893 (1955) is misplaced. In *Mills*, one cemetery plot owner was allowed to sue for all cemetery plot owners in an attempt to enjoin a nonconforming grave site, suspend improper cemetery regulations and receive certain promised improvements. A determination of which aesthetic cemetery regulations are enforceable would directly affect all lot owners. While only one cemetery was at issue in *Mills*, more than one contract is at issue in the present case.

For the foregoing reasons, we find no error in the trial court's order dismissing the class action.

Affirmed.

Judges WEBB and PARKER concur.