LILLARD THEODORE CROW, JR. AND JEAN EDWARDS CROW, ON BEHALF OF
THEMSELVES AND ALL OTHERS SIMILARLY SITUATED v. CITICORP ACCEPTANCE
CO., INC., A DELAWARE CORPORATION, AND CITICORP PERSON TO PERSON
FINANCIAL CENTER, INC., A NORTH CAROLINA CORPORATION

No. 200PA86

(Filed 7 April 1987)

**1. Rules of Civil Procedure § 23— class actions—class defined**

A class exists under N.C.G.S. § 1A-1, Rule 23 when each of the members
has an interest in either the same issue of law or of fact, and that issue
predominates over issues affecting only individual class members. Statements
in cases holding or implying that the community of interest standard of former
N.C.G.S. § 1-70 applies under N.C.G.S. § 1A-1, Rule 23(a) are disapproved.

**2. Rules of Civil Procedure § 23— class action—allegations sufficient**

Plaintiff sufficiently alleged the existence of a "class" under N.C.G.S.
§ 1A-1, Rule 23(a) where their alleged class was comprised of themselves and
unnamed others who are current residents of North Carolina; who have pur-
chased new mobile or manufactured homes in North Carolina, financing at
least $3,000 through retail installment sales contracts entered into after 1
April 1980 and before 26 April 1985; whose contracts fixed finance charges ex-
ceeding the maximum interest rate allowable under the North Carolina Retail
Installment Sales Act and North Carolina's general usury statute; and whose
contracts ultimately were assigned to one or both of the defendants. N.C.G.S.
1A-1, Rule 23(a).

**3. Rules of Civil Procedure § 23— class actions—prerequisites**

Parties seeking to employ the class action procedure under N.C.G.S.
§ 1A-1, Rule 23 must establish the existence of a class; the named representa-
tives must establish that they will fairly and adequately represent the in-
terests of all members of the class; the named representatives must show that
there is no conflict of interest between them and the members of the class who
are not named parties; the named parties must have a genuine interest rather
than a mere technical interest in the outcome of the action; the class repre-
sentatives must establish that they will adequately represent those outside the
jurisdiction; the parties must establish that the class members are so
numerous that it is impractical to bring them all before the court; and ade-
quate notice must be given to the members of the class represented.

**4. Rules of Civil Procedure § 23— class action—capacity and authority to sue**

Plaintiffs in a class action are not required to obtain actual authorization
to represent each class member; allegations that a party is a member of and
properly represents a class under Rule 23 suffice as the "affirmative
averment" of "capacity and authority to sue" required by N.C.G.S. § 1A-1,
Rule 9(a).

**5. Usury § 3; Unfair Competition § 1; Sales § 12; Rules of Civil Procedure § 23—class action—penal and personal relief**

Actions for usury, violations of North Carolina's Retail Installment Sales Act and actions for unfair and deceptive trade practices may be maintained as class actions even though the relief sought is penal and personal in nature.

**6. Rules of Civil Procedure § 23— class action—uniform contracts**

The fact that mortgage and loan documents have become highly uniform may not be raised as a shield to prevent prosecution of a suit as a class action; uniform contracts must comply with the law and the precise historic purpose of class actions has been to permit claims by many plaintiffs or against many defendants to be brought and resolved in one action.

Justice WEBB did not participate in the consideration or decision of this case.

ON discretionary review of a decision of the Court of Appeals, 79 N.C. App. 447, 339 S.E. 2d 437 (1986), affirming an order filed on 11 July 1985 by *Bailey, J.,* in Superior Court, WAKE County. Heard in the Supreme Court on 9 December 1986.

*Edelstein & Payne, by M. Travis Payne; Nixon, Yow, Waller & Capers by John B. Long, pro hac vice; Hull, Towill, Norman & Barrett, by David E. Hudson, pro hac vice; and Dye, Miller, Tucker and Everitt, by Thomas W. Tucker, pro hac vice, for the plaintiff appellants.*

*Moore, Van Allen, Allen and Thigpen, by Robert D. Dearborn, Randel E. Phillips and William D. Dannelly, for the defendant appellees.*

*James K. Dorsett, Jr. and James G. Billings for Barclays American Financial, Inc., amicus curiae.*

*Edmund D. Aycock for North Carolina Bankers Association, amicus curiae.*

*Thomas W. Graves, Jr. for North Carolina Citizens for Business and Industry, Inc., amicus curiae.*

*Margot Roten, Ellen W. Gerber and Theodore Fillette for North Carolina Clients Council, amicus curiae.*

*Michael D. Calhoun for North Carolina Consumer Council, Inc., amicus curiae.*

*Paul H. Stock for North Carolina League of Savings Institutions, amicus curiae.*

MITCHELL, Justice.

The plaintiffs appealed to this Court contending that the Court of Appeals erred in affirming an order of the trial court granting partial judgment for the defendants on the pleadings, dismissing the claims on behalf of unnamed class members, and striking all references in the complaint to a class. We agree and reverse the Court of Appeals.

The present action was initiated as a class action on 26 April 1985. Simultaneously with the filing of their complaint, the plaintiffs filed a "Motion for an Action Maintainable as a Class Action." They filed the complaint on behalf of themselves and unnamed members of a purported class of mobile home purchasers whose sales contracts have been assigned to one or both of the defendants. The plaintiffs sought injunctive relief and double damages for interest charged on those sales contracts which they alleged exceeded the interest rates permissible under the North Carolina Retail Installment Sales Act, N.C.G.S. ch. 25A. They also sought treble damages under N.C.G.S. § 75-1.1 alleging that the defendants engaged in an unfair and deceptive trade practice by charging such interest. Finally, the plaintiffs sought double damages under N.C.G.S. § 24-2, North Carolina's general usury statute.

The named plaintiff-appellants, Lillard and Jean Crow, alleged that they bought a mobile home on 4 August 1981 from a dealer in Lumberton. In connection with that purchase, they signed a retail installment contract which was assigned to one of the defendants, Citicorp Person-to-Person Financial Center, Inc., and later to the other defendant, Citicorp Acceptance Company, Inc. The Crows defaulted on two payments in 1983, and their mobile home was repossessed.

The plaintiffs requested that the trial court defer action on motions by the defendants to strike and dismiss all claims on behalf of the alleged class until the plaintiffs could complete discovery. Discovery, they contended, would demonstrate the existence of a class and the members' identities.

The trial court filed an order on 11 July 1985 concluding that the plaintiffs had failed to allege their capacity and authority to sue on behalf of any unnamed class members. It denied the plain-

tiffs' request to defer any decision, allowed the defendants' motion for partial judgment on the pleadings, dismissed the claims on behalf of unnamed class members without prejudice, and struck all references to class members from the complaint and prayer for relief.

The Court of Appeals affirmed. It based its holding on its conclusion that there was insufficient "community of interest" between the named plaintiffs and the unnamed members of the purported class. 79 N.C. App. 447, 450, 339 S.E. 2d 437, 438. We reverse and remand this action for discovery, a class certification hearing, and such further proceedings, not inconsistent with this opinion, as may be appropriate.

The plaintiffs raise two issues before this Court. First, they contend that they properly alleged the existence of a "class" under Rule 23 of the North Carolina Rules of Civil Procedure. N.C.G.S. § 1A-1, Rule 23 (1983). Second, they assert that the trial court erred by requiring an affirmative allegation of their actual authority to sue on behalf of the unnamed class members.

[1] Until today, we have not considered the proper definition of a "class" under Rule 23, our current class action provision. We now hold that a "class" exists under Rule 23 when each of the members has an interest in either the same issue of law or of fact, and that issue predominates over issues affecting only individual class members. Further, the plaintiffs here have properly alleged the existence of such a class.

Traditionally, North Carolina law has permitted a class action when a "community of interest" existed among named and unnamed class members. Former N.C.G.S. § 1-70, the immediate precursor to our current Rule 23, provided in pertinent part that:

> Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants. . . . When the question is one of a common or general interest of many persons, or where the parties are so numerous that it is impractical to bring them all before the court, one or more may sue or defend for the benefit of all.

N.C.G.S. § 1-70 (repealed 1967). This statute was interpreted as permitting a class action only when each of the proposed class members had an interest which was a "part of one connected

whole" with the interests of the other members. *Mills v. Cemetery Park Corp.*, 242 N.C. 20, 30, 86 S.E. 2d 893, 900 (1955). When each class member shared such a jural relationship with each of the other members, they were deemed to have a "community of interest" sufficient to justify the prosecution of a class action on behalf of all of them. The class action device was not permitted where potential class members shared only (1) a parallel relationship to the opposing party, e.g., separate contracts with the same defendant, or (2) an interest in the same issue of law or of fact, but without any overlap in the circumstances of their respective cases. *Id.*

Our current class action provision, Rule 23(a), was enacted in 1967. It provides that:

> If persons constituting a class are so numerous as to make it impractical to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued.

N.C.G.S. § 1A-1, Rule 23(a) (1983). It is identical to the first sentence of the 1938 version of Rule 23 of the Federal Rules of Civil Procedure. 28 U.S.C. Rule 23(a) (1950) (amended 1966).

We find it significant that the General Assembly did not adopt the language of three further subparagraphs found in the 1938 version of Federal Rule 23. Each of those subparagraphs delineated a different type of class action depending upon the "character of the right sought to be enforced for or against the class." *Id.* The three types of class action under the 1938 version of Federal Rule 23 soon came to be referred to as "true," "hybrid," and "spurious" class actions. Moore, *Federal Rules of Civil Procedure: Some Problems Raised by the Preliminary Draft*, 25 Geo. L.J. 551, 570 *et seq.* (1937). In practice, the application of the 1938 version of Federal Rule 23(a) and its three types of class actions proved very difficult, and courts often applied different labels to cases with nearly identical fact situations. *See generally*, 7A Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 1752 (1986). These difficulties spawned considerable scholarly criticism. *See, e.g.*, Chafee, *Some Problems of Equity*, 243-295 (1950); *Developments in the Law: Multiparty Litigation in the Federal Courts*, 71 Harv. L.R. 874, 931 (1958); Gordon, *The Common Question Class Suit Under the Federal Rules and in Illinois*,

42 Ill. L.R. 518 (1947); *Kalven and Rosenfield, The Contemporary Function of the Class Suit,* 8 U.Chi. L.R. 684, 695-714 (1941); Keefe, Levy and Donovan, *Lee Defeats Ben Hur,* 33 Corn. L.Q. 327 (1948); Weinstein, *Revision of Procedure: Some Problems in Class Actions,* 9 Buffalo L.R. 433, 456 (1960); Note, *Federal Class Actions: A Suggested Revision of Rule 23,* 46 Col. L.R. 818, 822, *et seq.* (1946).

When adopting North Carolina's Rule 23(a), our General Assembly undoubtedly was aware of the criticism of the 1938 version of the Federal Rule. We believe that the General Assembly rejected the three additional subparagraphs of the 1938 version of the Federal Rule in order to simplify class action procedures in North Carolina and to give our courts greater flexibility in permitting such actions than had been allowed previously under either Federal Rule 23 or former N.C.G.S. § 1-70.

The defendants direct our attention to the commentary to Rule 23(a) which states that: "In respect to class actions, the Commission adhered rather closely to the statutory provisions in North Carolina. See former G.S. § 1-70." N.C.G.S. § 1A-1, Rule 23 (a) (1983), Comment. The defendants argue that this commentary reveals a legislative intent to reenact the "community of interest" standard applied under former N.C.G.S. § 1-70 when determining whether a "class" exists under current Rule 23(a). We note, however, that the commentaries printed in the General Statutes with the North Carolina Rules of Civil Procedure, N.C.G.S. § 1A-1, were neither adopted nor mentioned by the General Assembly when enacting those Rules. *See* 1967 N.C. Sess. Laws, ch. 954, s. 1. This approach by the General Assembly was prudent, since the commentaries contain references to federal case law and secondary research resources subject to change without the consent or knowledge of the General Assembly.

While we often find the commentaries to N.C.G.S. § 1A-1 helpful, they are not binding authority and certainly cannot be viewed as statements of *legislative* intent. We specifically reject the notion that the General Assembly intended its adoption of Rule 23(a) to reenact the "community of interest" standard of former N.C.G.S. § 1-70. Accordingly, we disapprove statements in cases holding or implying that the former "community of interest" standard applies under Rule 23(a). *E.g., Maffei v. Alert*

*Cable Television of North Carolina, Inc.*, 75 N.C. App. 473, 331 S.E. 2d 188 (1985), *reversed on other grounds*, 316 N.C. 615, 342 S.E. 2d 867 (1986); *English v. Holden Beach Realty Corp.*, 41 N.C. App. 1, 254 S.E. 2d 223, *disc. rev. denied*, 297 N.C. 609, 257 S.E. 2d 217 (1979); *Mosley v. National Finance Co.*, 36 N.C. App. 109, 243 S.E. 2d 145, *disc. rev. denied*, 295 N.C. 467, 246 S.E. 2d 9 (1978).

The defendants also contend that a change from the "community of interest" standard to the broader "same issue of law or of fact" standard we apply today amounts to judicial legislation. To the extent that this may be true, it is unavoidable. The application of Rule 23(a) in this case requires that we define the type of "class" which properly may maintain a class action. Rule 23(a) itself offers little guidance; it does not define the term "class."

We conclude that the repeal of former N.C.G.S. § 1-70 and adoption of the less restrictive language of only the first sentence of the 1938 version of Federal Rule 23 reveals a legislative intent that the term "class" under our current Rule 23 be defined more expansively than under former law. As our Court of Appeals correctly emphasized:

> Our Rule 23 should receive a liberal construction, and it should not be loaded down with arbitrary and technical restrictions. . . . The rule has as its objectives 'the efficient resolution of the claims or liabilities of many individuals in a single action' and 'the elimination of repetitive litigation and possible inconsistent adjudications involving common questions, related events, or requests for similar relief.'

*English*, 41 N.C. App. at 9, 254 S.E. 2d at 230-31 (citations omitted). Accordingly, we hold that a "class" exists under Rule 23 when the named and unnamed members each have an interest in either the same issue of law or of fact, and that issue predominates over issues affecting only individual class members. It is unnecessary for any member of the class to share a jural relationship or "community of interest" with any other member of the class.

Whether a proper "class" under Rule 23(a) has been alleged is a question of law. Because the trial court entered judgment

solely on the pleadings, we must determine whether the allegations of the complaint, taken as true and viewed in the light most favorable to the plaintiffs, support the conclusion that the named and unnamed plaintiffs comprise a "class" within the meaning of Rule 23(a). *See Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E. 2d 494, 499 (1974).

[2] The plaintiffs have alleged the existence of a class comprised of themselves and unnamed others: (1) who are current residents of North Carolina; (2) who have purchased new mobile or manufactured homes in North Carolina, financing at least $3,000 through retail installment sales contracts entered after 1 April 1980 and before 26 April 1985; (3) whose contracts fixed finance charges exceeding the maximum interest rate allowable under the North Carolina Retail Installment Sales Act and North Carolina's general usury statute; and (4) whose contracts ultimately were assigned to one or both of the defendants. The plaintiffs further contend that, upon the facts alleged, the members of the proposed class each have an interest in several of the same issues of law or of fact. They contend that these issues include whether the defendants charged members of the class higher interest rates than permitted under the North Carolina Retail Installment Sales Act and our general usury statutes, whether such State interest rate ceilings have been preempted by the Federal Depository Institutions Deregulation and Monetary Control Act of 1980, and whether the defendants' actions were unfair and deceptive trade practices prohibited by N.C.G.S. § 75-1.1.

Taking the allegations of the complaint as true, it appears that a determination of the maximum interest rates allowable under State law and whether the defendants have engaged in unfair and deceptive trade practices will affect the named and unnamed plaintiffs in the same manner. Likewise, the question of whether State law has been preempted by federal acts will affect all members of the class in the same manner.[1] We conclude, therefore, that the plaintiffs sufficiently alleged the existence of a "class" under Rule 23(a). Accordingly, we reverse the decision of

---

1. It would be inappropriate for us to reach or decide these complex questions of substantive law on the pleadings. Therefore, we express no opinion as to the merits of the plaintiffs' claims for relief or the applicability of the statutes under which they have brought their claims.

the Court of Appeals which affirmed the order granting the defendant's motions and entering partial judgment for the defendants on the pleadings.

[3] Although we hold that the plaintiffs properly alleged the existence of a "class" under Rule 23, we do not decide whether they ultimately may maintain this action as a class action. Once discovery is completed upon remand and a class certification hearing has been held, the plaintiffs must have established to the satisfaction of the trial court the actual existence of a class, the existence of other prerequisites to utilizing the class action procedure, and the propriety of their proceeding on behalf of the class.

The party seeking to bring a class action under Rule 23(a) has the burden of showing that the prerequisites[2] to utilizing the class action procedure are present. *See* 7A Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 1759 (1986) (discussing F.R. Civ. P. 23). First, parties seeking to employ the class action procedure under our Rule 23 must establish the existence of a class. As we have indicated, the plaintiffs properly alleged the existence of a class. On remand, however, the plaintiffs also will be required to demonstrate the actual existence of the class. *See* 7A Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 1760 (1986) (discussing F.R. Civ. P. 23).

The named representatives also must establish that they will fairly and adequately represent the interests of all members of the class. This prerequisite is a requirement of due process. *See Hansberry v. Lee*, 311 U.S. 32, 45, 85 L.Ed. 22, 29 (1940) (discussing F.R. Civ. P. 23). It is also specifically imposed by our Rule 23. N.C.G.S. § 1A-1, Rule 23(a) (1983).

The named representatives must show that there is no conflict of interest between them and the members of the class who are not named parties, so that the interests of the unnamed class members will be adequately and fairly protected. *See Thompson v. Humphrey*, 179 N.C. 44, 58, 101 S.E. 738, 746 (1919) (decided without reference to the then prevailing class action statute, N.C.

---

2. Although we now specify certain of the prerequisites which these plaintiffs and parties like them will be required to demonstrate before employing the class action procedure, we caution that no list of such prerequisites should be viewed as all-inclusive.

Consolidated Statutes, § 457 (1919) (repealed 1933) (originally enacted in N.C. Code, Ch. 10, § 185 (1883) ). The named parties also must have a genuine personal interest, not a mere technical interest, in the outcome of the action. *English*, 41 N.C. App. at 7, 254 S.E. 2d at 230, *citing Hughes v. Teaster*, 203 N.C. 651, 166 S.E. 745 (1932).

The class representatives within this jurisdiction also must establish that they will adequately represent those outside the jurisdiction. *See English*, 41 N.C. App. at 6, 254 S.E. 2d at 229, *citing Vann v. Hargett*, 22 N.C. 32 (1838) (decided under Court's equity jurisdiction). The class the plaintiffs in the present case seek to represent is defined as including only "current residents of North Carolina." Therefore, by definition, there are no class members outside the jurisdiction.

Parties seeking to utilize Rule 23 also must establish that the class members are so numerous that it is impractical to bring them all before the court. N.C.G.S. § 1A-1, Rule 23(a) (1983). It is not necessary that they demonstrate the impossibility of joining class members, but they must demonstrate substantial difficulty or inconvenience in joining all members of the class. There can be no firm rule for determining when a class is so numerous that joinder of all members is impractical. The number is not dependent upon any arbitrary limit, but rather upon the circumstances of each case. *See English*, 41 N.C. App. at 6-7, 254 S.E. 2d at 229, and authorities cited therein.

Additionally, although Rule 23(a) says nothing about the need for notice to members of the class represented, we believe that fundamental fairness and due process dictates that adequate notice of the class action be given to them. *See Eisen v. Carlisle and Jacquelin*, 391 F. 2d 555, 564 (2d Cir. 1968), *aff'd on other grounds*, 417 U.S. 156, 173-77, 40 L.Ed. 2d 732, 746-748 (1974), and cases cited therein (discussing representative actions under the Federal Rules of Civil Procedure). The actual manner and form of the notice is largely within the discretion of the trial court. The trial court may require, among other things, that it review the content of any notice before its dissemination.

The trial court should require that the best notice practical under the circumstances be given to class members. Such notice should include individual notice to all members who can be iden-

tified through reasonable efforts, but it need not comply with the formalities of service of process. *See, e.g., Eisen v. Carlisle and Jacquelin*, 391 F. 2d at 569-70 (discussing Federal Rules); *Johnson v. Georgia Highway Express, Inc.*, 417 F. 2d 1122, 1125 (5th Cir. 1969) (same). Notice of the action should be given as soon as possible after the action is commenced. *See English*, 41 N.C. App. at 10, 254 S.E. 2d at 230 (refusing class relief because notice sent after merits had been determined). As part of the notification, the trial court may require that potential class members be given an opportunity to request exclusion from the class within a specified time in a manner similar to the current federal practice. *See* F.R. Civ. P. 23(c)(2).

We again emphasize that we do not decide now whether this suit properly *should* proceed as a class action. If the prerequisites to a class action are established on remand, the decision whether a class action is superior to other available methods for the adjudication of this controversy continues to be a matter left to the trial court's discretion. Class actions should be permitted where they are likely to serve useful purposes such as preventing a multiplicity of suits or inconsistent results. The usefulness of the class action device must be balanced, however, against inefficiency or other drawbacks. *See, e.g., Maffei*, 316 N.C. 615, 342 S.E. 2d 867 (case not allowed to proceed as a class action although proper class shown, because each member's recovery would be *de minimus*). As we have indicated, the trial court has broad discretion in this regard and is not limited to consideration of matters expressly set forth in Rule 23 or in this opinion. *See Maffei*, 316 N.C. at 617, 342 S.E. 2d at 870.

[4] The defendants further contend that, even if the class action prerequisites exist and the plaintiffs can otherwise demonstrate the propriety of a class action, the trial court correctly struck and dismissed the class allegations in the present case on the ground that the plaintiffs had failed to allege their "capacity and authority to sue on behalf of any unnamed class member." In support of this contention, the defendants refer us to *Mosley v. Finance Company*, 36 N.C. App. 109, 243 S.E. 2d 145, *disc. rev. denied*, 295 N.C. 467, 246 S.E. 2d 9 (1978). We reject this contention.

Rule 9(a) of the North Carolina Rules of Civil Procedure requires that: "Any party suing in any representative capacity shall

make an affirmative averment showing his capacity and authority to sue." N.C.G.S. § 1A-1, Rule 9(a) (1983). The plaintiffs concede that they have not been given actual authority by the unnamed plaintiffs to sue on their behalf. One of the functions of class actions under Rule 23 in North Carolina, however, is to permit lawsuits to proceed without the direct participation of certain individuals who ordinarily would be necessary or proper parties. Allegations that a party is a member of and properly represents a class under Rule 23 suffice as the "affirmative averment" of "capacity and authority to sue" required by Rule 9(a).

Rule 23(a) addresses situations where those having an interest in the same issue of law or of fact are so numerous that it is impractical to bring them all into court, i.e., join them. Realistically, if the unnamed class members are so numerous, it would be equally impractical to force the class representatives to obtain actual authorization to represent each class member. The purpose of Rule 23(a) would be defeated if class representatives were required to have actual authorization from every class member. Where the class is large, as alleged in the present case, and the identity of the individual class members is known only to the defendants, a class action would be virtually impossible to maintain under such a rule. As we do not believe that the legislature intended this result, we reject the defendants' contention. To the extent it conflicts with our holding on this issue, *Mosley* is expressly disavowed.

[5] Further, it is contended that actions for usury, actions for violations of North Carolina's Retail Installment Sales Act and actions for unfair and deceptive trade practices may not be maintained properly as class actions. It is argued that the extraordinary relief of double or triple damages available in such cases amounts to a fine or forfeiture and is penal and personal in nature.

This Court has not previously denied parties the opportunity to proceed with a class action where the relief sought was "penal and personal" in nature. When our General Assembly has wished to prevent class actions to enforce statutory claims for relief such as those in the present case, it has said so expressly and unequivocally. *See, e.g.*, N.C.G.S. § 75C-5 (1985) ("class actions are not available under . . . [the Motion Picture Fair Competition Act]").

Crow v. Citicorp Acceptance Co.

The failure of the General Assembly to expressly prohibit class actions to enforce the statutes under which the plaintiffs claim relief convinces us that it intended to allow them for such purposes.

[6] Finally, the defendants argue that allowing class actions in cases such as this will lead to results not intended by the General Assembly when it adopted Rule 23. They argue, in essence, that mortgage and loan documents have become highly uniform for various reasons. Thus, if class actions can be brought by borrowers on the basis of such standard and uniform documents, virtually every loan transaction in North Carolina could expose the lender to a class action. They argue that this would lead to "staggering and unintended liabilities." We are not persuaded.

Uniform contracts, like all other contracts, must conform to law. Moreover, the precise historic purpose of class actions has been to permit claims by many plaintiffs or against many defendants to be brought and resolved in one action. To date this Court has not allowed unintentional illegality in the language of standard or uniform contracts to be raised as a shield to prevent plaintiffs from prosecuting a suit as a class action. We decline to do so now.

The decision of the Court of Appeals affirming the judgment of the trial court is reversed. This case is remanded to the Court of Appeals for its further remand to the Superior Court, Wake County, for proceedings not inconsistent with this opinion.

Reversed and remanded.

Justice WEBB did not participate in the consideration or decision of this case.