WILLARD S. PERRY, FOR HIMSELF AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFF v. UNION CAMP CORPORATION, DEFENDANT AND THIRD PARTY PLAINTIFF v. THE ESTATE OF CLARENCE PARKER ALFORD AND PEERLESS INSURANCE COMPANY, THIRD PARTY DEFENDANTS

No. 899SC1295

(Filed 21 August 1990)

**Rules of Civil Procedure § 23 (NCI3d) — certification as class action denied — no error**

The trial court did not err by refusing to certify plaintiff's action as a class action where plaintiff sought to certify as a class the heirs of Frank O. Alford, who are cotenants of certain real property and who were allegedly injured by defendant's alleged wrongful cutting of trees from that property; defendant had a timber deed from Clarence Alford, Administrator of Frank Alford's estate; defendant filed a third party complaint against the estate of Clarence Alford; some of the proposed class members are heirs of both Frank Alford and Clarence Alford and others are not; affidavits filed with the court show that several heirs do not support the action; and two affiants admit having had actual notice of the sale of the timber deed. It thus appears that the proposed class members are not united in interest from the outset and that each does not share an interest in the same issue of law or fact which predominates over other issues affecting only individual class members. N.C.G.S. § 1A-1, Rule 23.

**Am Jur 2d, Parties §§ 65, 66, 68, 70.**

**PERRY v. UNION CAMP CORP.**

[100 N.C. App. 168 (1990)]

APPEAL by plaintiff from Order of *Judge Robert H. Hobgood* entered 7 July 1989 in FRANKLIN County Superior Court. Heard in the Court of Appeals 31 May 1990.

*J. Michael Weeks for plaintiff appellant.*

*Jolly, Williamson and Williamson, by Ben N. Williamson; and Brooks, Pierce, McLendon, Humphrey & Leonard, by Jill R. Wilson, for defendant appellee.*

COZORT, Judge.

Plaintiff appeals from the trial court's order denying plaintiff's motion to certify his suit as a class action. We affirm.

Plaintiff filed a Complaint on 24 September 1987 against defendant Union Camp Corporation. In his Complaint, plaintiff alleged that he represented a class consisting of "bona fide owners as tenants in common with the Plaintiff" of land which was part of the estate of Frank O. Alford. According to the Complaint, the Administrator of the Estate of Frank O. Alford, Clarence Parker Alford (now deceased), failed to join plaintiff and other heirs as parties to a special proceeding under N.C. Gen. Stat. § 28A-17-1 by which the sale of a timber deed to defendant was authorized. Plaintiff sought to have defendant's timber deed declared null and void and further sought damages for the alleged wrongful removal of timber from the land.

Defendant filed Answer alleging that it had purchased the timber from Clarence Parker Alford in his capacity as Administrator of the estate of Frank O. Alford for the sum of $428,001.00, that the sale was approved by the clerk of superior court, that it had cut timber for three years without complaint from plaintiff or the other heirs, and that the heirs knew of the Administrator's plans to sell the timber to create assets to pay inheritance taxes owed by the estate. Defendant also denied plaintiff's right to maintain a class action. Defendant subsequently filed a Third Party Complaint against the estate of Clarence Parker Alford and the Peerless Insurance Company as surety for the lawful administration of the estate of Frank O. Alford.

Plaintiff thereafter filed a Motion to Determine Propriety of Class Action and Notice of Hearing. Attached to the motion were plaintiff's affidavit in support of his motion and a list of the names and addresses of the 35 parties alleged to have an interest in

the land as tenants in common. In response to plaintiff's Motion, six parties filed affidavits in which they stated that they were heirs of Frank O. Alford and Clarence Parker Alford, that they did not support plaintiff's action, that plaintiff did not have the best interests of the heirs in mind, and that plaintiff's "ill feelings toward his inheritance from the estate of Frank O. Alford distinguish him from most of the other heirs." Two affiants further stated that they were fully aware of the sale of the timber to Union Camp prior to execution of the timber deed and that, as heirs, they received the benefits of that sale. The matter thereafter came on for hearing before the trial court, which concluded that "there are not sufficient elements present to justify a class action" and denied plaintiff's motion. Plaintiff appealed.

Rule 23(a) of the North Carolina Rules of Civil Procedure provides:

> If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued.

A party who seeks to avail himself of the mechanism provided by Rule 23 has the burden of establishing the prerequisites to bringing a class action and the propriety of proceeding on behalf of the class. *Crow v. Citicorp Acceptance Co.*, 319 N.C. 274, 282, 354 S.E.2d 459, 465 (1987). Those prerequisites include (1) the existence of a class, (2) that the named representative will fairly and adequately represent the interests of all class members, (3) that there is no conflict of interest between the representative and class members, (4) that class members outside the jurisdiction will be adequately represented, (5) that the named party has a genuine personal interest in the outcome of the litigation, (6) that class members are so numerous that it is impractical to bring them all before the court, (7) that adequate notice of the class action is given to class members. N.C. Gen. Stat. § 1A-1, Rule 23 (1989); *Crow v. Citicorp*, 319 N.C. 274, 354 S.E.2d 459. Whether a suit should proceed as a class action is a matter largely left to the discretion of the trial court. *Id.* at 282, 284, 354 S.E.2d at 465, 466; Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1785.

In the present case, plaintiff sought to certify a class of heirs of Frank O. Alford who are cotenants of certain real property

and who allegedly were injured by defendant's alleged wrongful cutting of trees from that property. Defendant, who had a timber deed executed by Clarence Parker Alford, Administrator of Frank O. Alford's estate, and approved by the court, filed a third-party complaint against the estate of Clarence Parker Alford. Some of the proposed class members are heirs of both Frank O. Alford and Clarence Parker Alford; others are not. Affidavits filed with the court show that several heirs do not support the action; two affiants admit having had actual notice of the sale of the timber deed. Thus, it appears that the proposed class members are not united in interest from the outset and each do not share an interest in the same issue of law or fact which predominates over issues affecting only individual class members. *Id.* at 280, 354 S.E.2d at 464. We therefore hold that the trial court, in the exercise of its discretion, properly refused to certify plaintiff's action as a class action.

Affirmed.

Judges ARNOLD and PHILLIPS concur.