Chambers v. Moses H. Cone Mem'l Hosp., 2021 NCBC 75.

STATE OF NORTH CAROLINA

GUILFORD COUNTY

CHRISTOPHER CHAMBERS, on
behalf of himself and all others
similarly situated,

                Plaintiff,

        v.

THE MOSES H. CONE MEMORIAL
HOSPITAL; THE MOSES H. CONE
MEMORIAL HOSPITAL OPERATING
CORPORATION d/b/a MOSES CONE
HEALTH SYSTEM and d/b/a CONE
HEALTH; and DOES 1 through 25,
inclusive,

                Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 6126


ORDER AND OPINION
ON MOTION TO DISMISS
CONDITIONAL COUNTERCLAIMS

*Higgins Benjamin, PLLC, by John F. Bloss, and Law Offices of Barry L. Kramer, by Barry L. Kramer, for Plaintiff Christopher Chambers.*

*Womble Bond Dickinson (US) LLP, by Philip J. Mohr and Brent F. Powell, for Defendants The Moses H. Cone Memorial Hospital and The Moses H. Cone Memorial Hospital Operating Corporation.*

Conrad, Judge.

1.    Pending is a question of first impression: may a defendant in a class action assert counterclaims against unnamed class members before the class is certified? For the reasons discussed below, the answer is no.

2.    An abbreviated background will help frame the issue. This case is about the billing practices of The Moses H. Cone Memorial Hospital ("Moses Cone"). Christopher Chambers sued Moses Cone on the ground that it overcharged him and other self-pay patients who received emergency care. His amended class complaint

seeks a declaratory judgment that Moses Cone's form contract has an open price term, that it may not bill self-pay patients at so-called Chargemaster rates, and that it is entitled only to the reasonable value of its services. (*See* Am. Compl. ¶¶ 40, 41, ECF No. 49.)

3.      Ten years of litigation have yielded little progress. Discovery and class certification were put on hold while Moses Cone twice tried to end the case. It first argued mootness after relinquishing any claim it might have against Chambers for nonpayment. That issue went to the North Carolina Supreme Court, which held that Chambers could continue to seek class certification and class-wide relief even though he no longer has a personal stake in the case. On remand from that decision, Moses Cone again moved for dismissal, arguing that class-wide declaratory relief would serve no useful purpose. This Court disagreed, denied the motion, and lifted the stay of discovery. Interested readers will find a more detailed exploration of the facts and procedural history in these earlier decisions. *See generally Chambers v. Moses H. Cone Mem'l Hosp.*, 374 N.C. 436 (2020); *Chambers v. Moses H. Cone Mem'l Hosp.*, 2021 NCBC LEXIS 63 (N.C. Super. Ct. July 19, 2021).

4.      After the denial of its second motion to dismiss, Moses Cone counterclaimed against the unnamed class members for unjust enrichment. In a nutshell, Moses Cone alleges that most self-pay patients are in arrears and demands damages from all class members who haven't paid their bills. The counterclaims are expressly conditional on class certification—that is, they are intended to take effect only if the Court certifies a class. (*See, e.g.*, Countercl. ¶¶ 18, 20, 31, 41, ECF No. 122.)

5. Chambers now moves to dismiss the counterclaims. (*See* ECF No. 123.) His argument is blunt: members of an uncertified class are not parties and therefore not susceptible to counterclaims. Moses Cone responds that courts treat unnamed class members as parties for some purposes and that its counterclaims are compulsory. After full briefing and a hearing on 19 November 2021, the motion is ripe.

6. Neither side has identified any controlling authority; North Carolina courts simply haven't addressed the issue. But the weight of persuasive federal authority, applying analogous rules, favors Chambers. Although some federal courts see "no clear answer concerning whether conditional counterclaims may proceed against non-party putative class members prior to class certification," *Rose v. Friendly Fin. Corp.*, 2016 U.S. Dist. LEXIS 2340, at *14 (S.D. Ohio Jan. 8, 2016), most have dismissed them as premature or otherwise improper, *see, e.g.*, *In re Bank of N.Y. Mellon Corp. Forex Transactions Litig.*, 42 F. Supp. 3d 520, 527 (S.D.N.Y. 2014); *Circle Click Media LLC v. Regus Mgmt. Group LLC*, 2013 U.S. Dist. LEXIS 114463, at *8–16 (N.D. Cal. Aug. 13, 2013); *James D. Hinson Elec. Contr. Co. v. BellSouth Telcoms., Inc.*, 2011 U.S. Dist. LEXIS 68538, at *20–24 (M.D. Fla. Mar. 28, 2011).

7. This more prevalent view is compelling. Counterclaims, whether compulsory or permissive, may target only "an opposing party." N.C. R. Civ. P. 13(a), (b). No reasonable understanding of "opposing party" would include members of an uncertified class. True, absent class members are treated as parties for some purposes *after* certification. Not so *before* certification: "A nonnamed class member is not a party to the class-action litigation before the class is certified." *Std. Fire Ins.*

*Co. v. Knowles*, 568 U.S. 588, 593 (2013) (cleaned up); *accord Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011).

8. Moses Cone contends that courts have other tools, short of dismissal, to manage the sequencing of counterclaims, certification, and everything that follows. But more than procedure is at play. There are due process concerns too. Because an uncertified class is really no class at all, its members are not truly before the presiding court. Certification is the event that, "critically, renders them subject to the court's power." *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015); *accord Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020). Even then, class members may have the right to opt out. *See Ehrenhaus v. Baker*, 216 N.C. App. 59, 78–82 (2011). Due process principles warn against allowing a defendant to threaten class members with liability, even in a preliminary way, before the court has power over them and before they have had a chance to opt into or out of the class. *See Crow v. Citicorp Acceptance Co.*, 319 N.C. 274, 283 (1987) (stressing "that fundamental fairness and due process" require notice to class members).

9. Moses Cone also worries that it might have waived its right to counterclaim had it waited until certification. The law is not so capricious as that. Looking again to federal decisions, courts do not require defendants to take premature steps against putative class members just to preserve positions that may never ripen. *See, e.g.*, *Cruson*, 954 F.3d at 250–52 (holding that personal jurisdiction defense was unavailable before certification and that defendant did not waive it by first raising it afterward).

10.     In short, precertification counterclaims against absent class members are not authorized by rule, are not necessary for preservation purposes, and may endanger the due process rights of the absentees.  On the other hand, nothing is to be gained by retaining the counterclaims in limbo.  Moses Cone intends to argue that its counterclaims weigh against class certification, but its argument will be the same whether they are pending or merely promised.  Likewise, class certification discovery is under way and does not hinge on the pendency of the counterclaims.  Moreover, a dismissal without prejudice means that Moses Cone is no worse off.  If a class is certified, Moses Cone will have the chance to reassert its counterclaims and, if needed, to request a reasonable adjustment of the discovery schedule to accommodate those claims.

11.     At the hearing, Chambers urged the Court to go further and hold that counterclaims are never appropriate against unnamed class members, even after class certification.  But he did not fairly raise that issue in his brief, giving it no more than a mention in a footnote.  And the issue may never resurface if the class is not certified or if (admittedly unlikely) Moses Cone chooses not to reassert the claims.  These are good reasons not to decide the question now, especially when the conclusion that Moses Cone's counterclaims are premature is enough to resolve the motion.

12.     For all these reasons, the Court **GRANTS** Chambers's motion and **DISMISSES** Moses Cone's conditional counterclaims without prejudice.

**SO ORDERED**, this the 3rd day of December, 2021.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases