Kale v. Kale

---

SUSAN LITTLEFIELD KALE v. THOMAS LAWSON KALE

No. 7416DC1048

(Filed 5 March 1975)

**Divorce and Alimony § 17— alimony — divorce from bed and board — final order**

Trial court's order granting plaintiff a divorce from bed and board and awarding plaintiff alimony was a final order notwithstanding the order did not dispose of plaintiff's claims for medical expenses, her share of a joint bank account, and damages for assault; it was therefore unnecessary for the court to find that plaintiff lacked sufficient means to subsist during prosecution of the action.

APPEAL by defendant from *Britt, Judge.* Order entered 30 September 1974 in District Court, ROBESON County. Heard in the Court of Appeals 18 February 1975.

---

---

This is a civil action wherein the plaintiff, Susan Littlefield Kale, seeks alimony without divorce, alimony pendente lite, the family home, an injunction preventing her husband from interfering with or abusing plaintiff, $500.00 for plaintiff's past medical expenses, plaintiff's share of the joint bank account, and $5,000.00 in damages for assault.

Defendant filed answer denying the material allegations of the complaint.

After a hearing, Judge Britt made detailed findings of fact, conclusions of law, and entered an "order" granting plaintiff a "divorce from bed and board", enjoining defendant from molesting or interfering with her, granting plaintiff possession of the family home and certain other property, and requiring defendant to make monthly alimony payments. The order contained no provisions relating to plaintiff's claim for past medical expenses, the joint bank account, or damages for assault. It contained no finding of fact that plaintiff lacked sufficient means to subsist during the prosecution of the action. From this order, defendant appealed.

*Johnson, Hedgpeth, Biggs and Campbell by W. Allen Webster for plaintiff appellee.*

*W. Earl Britt for defendant appellant.*

HEDRICK, Judge.

Defendant contends in his only assignment of error that the district court erred in awarding alimony pendente lite without a finding that plaintiff lacked sufficient means to subsist during the prosecution of this action. He concedes that if the order was a final order awarding permanent alimony, it was not erroneous. The case thus hinges on whether the order was final or interlocutory.

Defendant argues that it was a pendente lite order, because it did not dispose of plaintiff's claims for medical expenses, her share of the joint bank account, and damages for assault. We do not agree. While the order does not recite whether it is final or interlocutory, it seems clear that it is a final order because, after making detailed findings and conclusions, the court awarded the plaintiff a divorce from bed and board, which is a final order. G.S. 50-7. There is no such thing as a divorce from

bed and board pendente lite. The district court simply determined that plaintiff was not entitled to those forms of relief not mentioned in its order.

Affirmed.

Judges PARKER and CLARK concur.