NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Plaintiff v. F. ROGER PAGE, JR., DORIS B. PAGE and PACE OIL CO., INC., Defendants

No. COA94-1085

(Filed 15 August 1995)

**1. Appeal and Error § 87 (NCI4th)— certification of case for appeal—signing of appeal entry ineffective**

The trial court's attempt to certify an interlocutory order for appeal was ineffective, since the signing of an appeal entry by the trial court cannot, in and of itself, be held to satisfy the affirmative act of certification required by N.C.G.S. § 1A-1, Rule 54(b).

**Am Jur 2d, Appellate Review §§ 84-87, 89, 117.**

**N.C. DEPT. OF TRANSPORTATION v. PAGE**

[119 N.C. App. 730 (1995)]

## 2. Appeal and Error § 121 (NCI4th)— two of three defenses dismissed—no substantial right affected—appeal premature

The trial court's order dismissing two of defendants' defenses but leaving one defense intact did not subject defendants to the possibility of inconsistent verdicts, since defendants contended that plaintiff's conduct in withholding its performance under a 1987 agreement unless and until defendants executed the 1989 supplemental agreement and guaranty amounted to coercion and duress; the only difference between defendants' second, third, and fourth defenses was that the second defense involved the effect of plaintiff's conduct on the 1987 agreement while the third and fourth defenses involved the effect of the conduct on the 1989 supplemental agreement and guaranty; by granting summary judgment for plaintiff on defendants' third and fourth defenses but leaving their second defense intact, the trial court left for the jury the questions of whether plaintiff coerced defendants into signing the 1989 supplemental agreement and guaranty and, if so, whether this conduct amounted to a breach of the 1987 agreement; and the trial court's order thus did not preclude defendants from fully defending against plaintiff's claims, and thus affected no substantial right.

### Am Jur 2d, Appellate Review §§ 300, 301.

Appeal by defendants from order entered 13 May 1994 by Judge Jerry R. Tillett and from rulings on 16 May 1994 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 26 May 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Emmett B. Haywood, for plaintiff-appellee.*

*Robinson Maready Lawing & Comerford, L.L.P., by William F. Maready, Clifford Britt, and H. Stephen Robinson, for defendants-appellants.*

WALKER, Judge.

This appeal arises out of a contractual dispute between plaintiff North Carolina Department of Transportation (the Department) and defendant F. Roger Page, Jr. (Page) concerning the relocation of State Secondary Road 1568 (SR 1568) on Topsail Island, North Carolina. Page owned numerous properties on Topsail Island, including one

tract which was under option to Resort Equities, Inc., who planned to build a condominium resort (Villa Capriani) on the site. Resort Equities' plans required the relocation of SR 1568, and Page agreed to assist Resort Equities in negotiating the relocation of the road. On 13 January 1987, Page and the Department executed an "Agreement for Relocation of SR 1568" (the 1987 agreement). Page agreed to construct the entire 4.0 mile portion of the new SR 1568 at his expense and to obtain the necessary right-of-ways. Page further agreed to deed the relocated SR 1568 and associated right-of-ways to the Department upon completion. The Department agreed to accept Page's tender of the road and to abandon the corresponding portion of the old SR 1568 upon completion of construction.

Construction of Phase I of the new SR 1568 began more than a year after the 1987 agreement was executed. This delay occasioned a corresponding delay in the construction of Villa Capriani. These delays, combined with overruns in construction costs for the road relocation, caused severe financial difficulties for Page, who had invested considerable funds into both the development of Villa Capriani and the road relocation.

On 20 September 1989, Page tendered Phase I of the new SR 1568 to the Department and requested that the Department accept it and abandon the corresponding section of the old road. The Department refused Page's tender. On 13 October 1989, the Board of Transportation passed a resolution which conditioned the Department's acceptance of Phase I and its abandonment of the corresponding section of the old road on, among other things, the execution of "a supplemental agreement ensuring completion of the remainder of SR 1568" and Page's provision of a "surety or cash bond in an amount determined by the Secretary of Transportation . . . to be adequate to cover the estimated cost of the right of way and construction of the uncompleted portion of SR 1568. . . ." On 19 October 1989, the parties executed a "Supplemental Agreement for Relocation of SR 1568," and Page and his wife, Doris, signed a "Guaranty of Performance" individually and as officers of defendant Pace Oil Company, Inc. On the following day, the Department accepted Phase I and abandoned the corresponding portion of the old road. Page did not complete the remainder of the construction of the new SR 1568, and the Department completed the project.

On 29 April 1991, the Department filed suit alleging that Page breached the 1987 and 1989 agreements and that Doris Page and Pace

Oil Company, Inc. had guaranteed his performance in the 1989 guaranty. Defendants answered and counterclaimed, alleging that the Department breached the 1987 agreement by conditioning its performance thereunder on the execution of the 1989 supplemental agreement and guaranty; that the agreements were void as illegal bargains; that the State interfered with Page's performance through a campaign of harassment, interference, and delay; and that the 1989 supplemental agreement and guaranty were obtained by coercion and duress.

The Department moved for summary judgment on all issues except damages, and defendants moved for summary judgment on all issues. On 13 May 1994, the trial court denied defendants' motion and granted the Department's motion as to defendants' first defense (alleging the State's interference with Page's performance), their third and fourth defenses (alleging that the 1989 supplemental agreement and guaranty were obtained through coercion and duress), their tenth defense (alleging illegality), and their eleventh defense (alleging frustration of purpose). The trial court denied the Department's motion as to the remaining defenses.

During pretrial hearings, the Department moved that defendants be prevented from presenting any evidence which, but for the court's summary judgment order, might have been used to show that the 1989 supplemental agreement and guaranty were obtained by coercion and duress. Defendants argued that this evidence was necessary to show that the Department breached the 1987 agreement by conditioning its performance thereunder on defendants' execution of the 1989 supplemental agreement and guaranty. The trial court granted the Department's motion. After the jury was empaneled, but before opening statements began, defendants gave notice of appeal, and the trial court declared a mistrial.

The Department argues that the trial court's order and rulings are interlocutory and not immediately appealable. An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy. *Cagle v. Teachy*, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993). There is generally no right to appeal an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). The purpose of this rule is " 'to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring

the case to final judgment before it is presented to the appellate courts.' " *Id.* (*quoting Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. rev. denied*, 315 N.C. 183, 337 S.E.2d 856 (1985)).

However, there are two avenues by which a party may immediately appeal an interlocutory order or judgment. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. *Jeffreys*, 115 N.C. App. at 379, 444 S.E.2d at 253. Second, an appeal is permitted under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review. *Id.*

**[1]** Defendants appeal the trial court's order granting the Department's motion for summary judgment on defendants' third and fourth defenses, alleging coercion and duress, and denying defendants' motion for summary judgment on their second defense, alleging that the Department breached the 1987 agreement by conditioning its performance thereunder on defendants' signing the 1989 supplemental agreement and guaranty. The court's order did not completely dispose of the case and is therefore interlocutory. *See Jeffreys*, 115 N.C. App. at 379, 444 S.E.2d at 253 (granting of partial summary judgment is interlocutory order from which there is ordinarily no right of appeal); *Fraser*, 75 N.C. App. at 655, 331 S.E.2d at 218 (denial of summary judgment is not final judgment and is not immediately appealable).

In the instant case, it appears that the trial court attempted to certify the case for immediate appeal under Rule 54(b), stating,

> [T]he Court has . . . no bases in law that I can determine to prevent the defendants from giving notice of appeal, and the law seems to be clear once notice of appeal is given, until the Court of Appeals or some Appellate Court determines this is an interlocutory appeal that does not affect a substantial right, that I have no way of precluding counsel from giving notice of appeal and have no way of causing this trial to go forward.

The court signed an appeal entry on 8 June 1994. This Court has held that "the signing of an appeal entry by the trial court cannot, in and of itself, be held to satisfy the affirmative act of certification required by Rule 54(b)." *Leasing Corp. v. Myers*, 46 N.C. App. 162, 171-172, 265

S.E.2d 240, 247, *appeal dismissed*, 301 N.C. 92, (1980) (subsequent history not reported in S.E.2d). Thus, the trial court's attempt to certify the case for appeal is ineffective.

**[2]** However, defendants may still pursue an immediate appeal of the trial court's order and rulings under the substantial right doctrine. This doctrine, derived from N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1), provides in effect that "no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment." *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 333, 299 S.E.2d 777, 779 (1983). North Carolina courts have long acknowledged that the substantial right doctrine

> is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered.

*Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978); *see generally* J. Brad Donovan, *The Substantial Right Doctrine and Interlocutory Appeals*, 17 Campbell L. Rev. 71 (1995). However, in dealing with the doctrine, our courts have developed certain general principles by which we are guided.

In *Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E.2d 593 (1982), the North Carolina Supreme Court held that the right to avoid a trial is generally not a substantial right, but the right to avoid two trials on the same issue may be. *Id.* at 608, 290 S.E.2d at 596. The Court stated that "the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." *Id.* In *Liggett Group v. Sunas*, 113 N.C. App. 19, 437 S.E.2d 674 (1993), this Court expanded on the *Green* holding, stating that

> [a] substantial right . . . is considered affected if "there are overlapping factual issues between the claim determined and any claims which have not yet been determined" because such overlap creates the potential for inconsistent verdicts resulting from two trials on the same factual issues.

*Id.* at 24, 437 S.E.2d at 677 (citation omitted). This Court has interpreted the language of *Green* and its progeny as creating a two-part

test requiring a party to show that (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists. *Moose v. Nissan of Statesville*, 115 N.C. App. 423, 426, 444 S.E.2d 694, 697 (1994).

Defendants argue that under the holdings in *Green, Liggett,* and *Moose,* they are entitled to an immediate appeal because the trial court's order exposes them to the possibility of inconsistent verdicts upon the "overlapping factual issues" of their second, third, and fourth defenses. After carefully reviewing the pleadings and the procedural development of this case, we disagree.

Defendants' second defense contains the following detailed factual allegations: Defendant Page tendered performance of Phase I of the relocated road to the Department in September 1989 and asked the Department to accept the new road and abandon the corresponding section of the old road as contemplated in the 1987 agreement. The Department wrongfully rejected the tender. Instead, the Department conditioned its performance on defendants' execution of the 1989 supplemental agreement and guaranty. At the time the Department made this demand, it knew that Page's ability to pay the construction loans for Villa Capriani depended upon his timely receipt of the Department's performance under the 1987 agreement and that Page's loans would go into default if this performance were withheld. The second defense then states,

> 6. On or about October 19, 1989, and because of the DOT's wrongful refusal to accept his tender of SR 1568 with the resulting consequences discussed above, *Page was coerced into executing the second agreement for relocation of SR 1568, and defendants were also coerced into executing a purported guaranty of Page's performance of the new agreement.*

> 7. After the second agreement and guaranty were executed, the DOT finally agreed to perform under the first agreement, accepted Page's tender of 2.7 miles of new SR 1568 and abandoned all right, title, and interest in old SR 1568.

> 8. *Plaintiff breached the January 13, 1987 contract by its failure and refusal to accept Page's tender of the completed portion of SR 1568 and to abandon all right, title, and interest in old SR 1568, until defendants executed a new agreement and guaranty.*

(Emphasis added.) Defendants' third and fourth defenses seek rescission of the 1989 supplemental agreement and guaranty on the grounds that they were obtained by coercion and duress respectively.

Defendants' central position in this case is that the Department's conduct in withholding its performance under the 1987 agreement unless and until defendants executed the 1989 supplemental agreement and guaranty amounted to coercion and duress. The only difference between defendants' second, third, and fourth defenses is that the second defense involves the effect of the Department's conduct on the 1987 agreement while the third and fourth defenses involve the effect of the conduct on the 1989 supplemental agreement and guaranty. By granting summary judgment for the Department on defendants' third and fourth defenses but leaving their second defense intact, the trial court left for the jury the questions of whether the Department coerced defendants into signing the 1989 supplemental agreement and guaranty and, if so, whether this conduct amounted to a breach of the 1987 agreement. Since the trial court's order does not preclude defendants from fully defending against the Department's claims, no substantial right has been affected.

The instant case is distinguishable from *Liggett*, upon which defendants rely. In that case, Liggett alleged that Sunas had patented a process in his own name which had been developed using information acquired while he was employed by Liggett. Liggett's action stated six claims, the first of which was a request for declaratory relief ordering Sunas to assign the patent to Liggett. *Liggett*, 113 N.C. App. at 22-23, 437 S.E.2d at 676-77. The trial court granted summary judgment for Liggett on its first claim and on all of Sunas' counterclaims, but expressly withheld determination regarding Liggett's remaining claims. *Id.* at 23, 437 S.E.2d at 677. This Court allowed Liggett's appeal, stating:

By granting summary judgment on Liggett's first claim, thereby ordering Sunas to assign the patent, the trial court effectively decided ownership of the patented . . . process rested with Liggett. This determination is fundamental to the disposition of Liggett's remaining claims. If Liggett prevailed at trial on those counts, and upon Sunas' subsequent appeal this Court held ownership of the process to be a jury question, Sunas would thereby likely be awarded a new trial on all . . . six of Liggett's claims. Requiring such adjudication of the same claims in two separate

trials would result in needless expense to the parties as well as to our court system.

*Id.* at 24, 437 S.E.2d at 677-78. In the instant case, defendants' second defense did not depend on the third and fourth defenses; indeed, the third and fourth defenses were essentially duplicative of the second defense. As we have stated, the trial court's orders left for the jury the questions of whether the Department coerced defendants into signing the 1989 supplemental agreement and guaranty and, if so, whether this conduct amounted to a breach of the 1987 agreement, and we fail to see how defendants can now claim that they are exposed to the possibility of inconsistent verdicts.

Defendants also assert that the trial court's pretrial ruling that defendants could not introduce evidence of the circumstances surrounding the signing of the 1989 supplemental agreement and guaranty rendered them incapable of fully presenting their second defense. However, at trial of the case, defendants will have the opportunity to fully develop their surviving claims in defense of this action, consistent with this opinion.

In sum, we hold that the trial court's order and rulings did not deprive defendants of a substantial right which would be lost absent immediate appellate review. Defendants' appeal must therefore be dismissed.

To avoid "fragmentary, premature and unnecessary appeals," we encourage trial judges to carefully review the procedural posture of each case in which dispositive rulings have been made in order to determine whether those rulings prevent the parties from fully presenting their remaining claims and defenses. If not, the trial court should go forward with the trial of the action.

Dismissed.

Judges WYNN and JOHN concur.