WASHINGTON v. WASHINGTON

[148 N.C. App. 206 (2001)]

Judgment arrested.

Judges MARTIN and BIGGS concur.

―――――――――

CRAIG WASHINGTON, Plaintiff v. SHARON WASHINGTON, Defendant

No. COA01-250

(Filed 28 December 2001)

**Appeal and Error— appealability—divorce from bed and board—child custody deferred—interlocutory order**

A defendant's appeal from a judgment granting a divorce from bed and board is dismissed as an appeal from an interlocutory order, because: (1) although orders granting divorce from bed and board are final orders, the language in this order explicitly provides that the issue of child custody was deferred until the parties have had the opportunity to participate in mediation; (2) this order is not a final judicial determination of all the claims raised in the pleadings; and (3) the trial court did not certify this order for appeal, and defendant has not argued that delay would affect a substantial right.

Appeal by defendant from judgment entered 4 August 2000 by Judge Jane V. Harper in Mecklenburg County District Court. Heard in the Court of Appeals 5 December 2001.

*No brief filed for plaintiff-appellee.*

*Marnite Shuford, for defendant-appellant.*

TYSON, Judge.

Sharon Washington ("defendant") appeals from an order granting Craig Washington ("plaintiff") a divorce from bed and board. We dismiss the appeal as interlocutory.

## I. Facts

Plaintiff and defendant were married on 28 May 1988. Two minor children were born of the marriage.

## WASHINGTON v. WASHINGTON

[148 N.C. App. 206 (2001)]

On 23 January 2000, plaintiff filed a complaint against defendant for divorce from bed and board on multiple grounds, child custody, and child support. Defendant answered and counterclaimed for divorce from bed and board, post-separation support, alimony, child custody, and child support. The trial court heard the case on 20 July 2000.

On 3 August 2000, the trial court granted plaintiff's claim for divorce from bed and board based on indignities he suffered as a result of defendant's spendthrift behavior, and dismissed plaintiff's other grounds for divorce from bed and board. The trial court also granted defendant's claim for divorce from bed and board based upon constructive abandonment and dismissed defendant's other grounds for divorce from bed and board. Plaintiff's and defendant's remaining issues concerning child custody, child support, alimony, and post separation support were not resolved in the order. Defendant only appeals from the trial court's grant of divorce from bed and board for plaintiff.

Defendant assigns as error the trial court's failure to grant her motion to dismiss arguing that the findings of fact do not support its conclusions of law, and that the conclusions of law do not entitle plaintiff to a divorce from bed and board. We do not reach defendant's contentions. The order she appeals from is interlocutory.

We note at the outset that neither party addressed the issue of defendant's right of appeal. "If an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question *of appealability has not been raised by the parties themselves." Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 201, 240 S.E.2d 338, 340 (1978) (citations omitted) (emphasis supplied).

A judgment or order is "either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, 54(a) (1967). "A final judgment is one which disposes of the case as to all the parties, leaving nothing to be judicially determined between them in the trial court . . . . An interlocutory order . . . does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted).

The general rule is that "there is no right to appeal from an interlocutory order." *Mills Pointe Homeowner's Assoc., Inc. v. Whitmire,*

146 N.C. App. 297, 298, 551 S.E.2d 924, 926 (September 18, 2001) (citing *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994)); *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999). There are two exceptions: (1) a " 'final judgment as to one or more but fewer than all of the claims or parties' and the trial court certifies in the judgment that there is no just reason to delay the appeal," *Jeffreys*, at 379, 444 S.E.2d at 253 (quoting N.C. R. Civ. P. 54(b); *Liggett Group, Inc. v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993)), and (2) when delay would irreparably affect a substantial right. *Abe v. Westview Capital*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998) (citations omitted).

Our Court has held that a divorce from bed and board pursuant to N.C. Gen. Stat. § 50-7 (1985) is a final order. *Kale v. Kale*, 25 N.C. App. 99, 101-02, 212 S.E.2d 234, 236, *cert. denied*, 287 N.C. 259, 214 S.E.2d 431 (1975). At bar, the parties raised numerous additional issues at trial regarding custody and support matters. Although orders granting divorce from bed and board are final orders, the language in this order explicitly provides that "[t]he issue of custody was deferred until the parties have had the opportunity to participate in mediation." This order is not a final judicial determination of all the claims raised in the pleadings. The trial court did not certify this order for appeal, and defendant has not argued that delay would affect a substantial right. We dismiss defendant's appeal.

Appeal dismissed.

Judges TIMMONS-GOODSON and HUDSON concur.