LU ANN FLITT, Plaintiff v. BRUCE JAMES FLITT, Defendant

BRUCE JAMES FLITT, Plaintiff v. LU ANN FLITT, Defendant

No. COA01-301

(Filed 19 March 2002)

**Appeal and Error— appealability—order declining to incorpo-
rate separation agreement into divorce judgment—custody
reserved**

An appeal was dismissed as interlocutory where the parties
had entered into a separation agreement which included joint
custody of the children, plaintiff's divorce complaint requested
that the separation agreement be incorporated into the divorce
judgment, defendant had already requested primary custody and
support in a separate, pending action, and the trial court declined
to incorporate the provisions of the separation agreement,
reserved the issues of child support and custody, and granted the
divorce. Plaintiff advanced no argument regarding any substan-
tial right which would be lost absent immediate appellate review,
and none could be discerned by the Court of Appeals. Moreover,
plaintiff appealed from the order declining to incorporate the sep-
aration agreement into the final divorce judgment rather than
from the final judgment.

Appeal by Bruce James Flitt from order entered 1 December 2000
by Judge Catherine C. Stevens in Gaston County District Court. Heard
in the Court of Appeals 10 January 2002.

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., and
Preston O. Odom, III, for plaintiff appellant Bruce James
Flitt.*

*Whitesides & Kenny, L.L.P., by Terry Albright Kenny, for
defendant appellee Lu Ann Flitt.*

TIMMONS-GOODSON, Judge.

Bruce James Flitt ("plaintiff") appeals from an order by the trial
court declining to incorporate a separation agreement between plain-
tiff and his former wife, Lu Ann Flitt ("defendant"), into the parties'
final divorce judgment. For the reasons stated herein, we determine
that plaintiff's appeal is interlocutory, and we accordingly dismiss the
appeal.

In his complaint for an absolute divorce filed 21 August 2000 in Gaston County District Court, File Number 00 CVD 3723, plaintiff averred that he and defendant had entered into a separation agreement, a copy of which was attached to plaintiff's complaint. In the separation agreement, plaintiff and defendant agreed to share joint physical and legal custody of their two minor children. Plaintiff's complaint requested that "the separation agreement entered into on August 11, 1999, by the parties should be incorporated in any judgment entered by the Court in this action." Paragraph VII of the separation agreement under the section entitled "Provisions for Nature and Effect of Agreement" states that:

> In the event that a divorce is decreed at any time in any action or proceeding between the parties hereto, this agreement shall be submitted to the Court for its approval for incorporating the provisions related to child custody and child support. That provisions relating to spousal support and property shall not be incorporated.

The complaint further noted that matters concerning child custody and support were pending in a separate action, File Number 00 CVD 505, that was filed by defendant on 4 February 2000. In the pending action for child custody and support, defendant requested primary custody and control of the children. In his answer and counterclaim to defendant's complaint for child custody and support, plaintiff alleged that defendant was "not a fit and proper person to have the care, custody and control of [the] minor children" and requested that the court award plaintiff "permanent and temporary primary legal and physical care, custody and control of the minor children."

On 1 December 2000, the trial court entered an order captioned with both File Numbers 00 CVD 505 and 00 CVD 3723. In the order, the trial court declined to incorporate the provisions of the separation agreement into the final divorce judgment, concluding that "the language of the Separation Agreement does not state that it shall be incorporated into any divorce judgment only, that it shall be submitted to the Court for its consideration." The trial court thereafter ordered that "the parties are entitled to an absolute divorce" and ordered plaintiff's attorney to prepare such judgment. The trial court further ordered that "the issues of child custody and child support and any other remaining issues raised by the parties are hereby reserved." Plaintiff now appeals from the trial court's order.

Plaintiff argues that the trial court erred in declining to incorporate into the divorce decree the provisions of the separation agreement regarding child custody and support. Because plaintiff's appeal is premature, we do not address plaintiff's assignments of error.

Although neither party has addressed the issue of plaintiff's right to appeal, "[i]f an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Waters v. Personnel, Inc.*, 294 N.C. 200, 201, 240 S.E.2d 338, 340 (1978) (footnote omitted). An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all the parties involved in the controversy. *See Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Generally, there is no right to appeal from an interlocutory order. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (1999); *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381.

There are two instances, however, where a party may appeal interlocutory orders. The first instance arises when there has been a final determination as to one or more of the claims, and the trial court certifies that there is no just reason to delay the appeal. *See Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). The trial court in the case at bar made no such certification. Thus, plaintiff is limited to the second avenue of appeal, namely where "the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). In such cases, we may review the appeal under sections 1-277(a) and 7A-27(d)(1) of the North Carolina General Statutes. *See id.* The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party. *See Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). Whether a substantial right is affected is determined on a case-by-case basis and should be strictly construed. *See Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 408 (1982); *Buchanan v. Rose*, 59 N.C. App. 351, 352, 296 S.E.2d 508, 509 (1982).

In *Washington v. Washington*, 148 N.C. App. 206, 557 S.E.2d 648 (2001), the defendant-wife appealed from the trial court's judgment granting divorce from bed and board. The trial court's judgment left for further determination issues concerning child custody and sup-

port. Although the *Washington* Court acknowledged that orders granting divorce from bed and board are final orders, it held that, because the language of the order explicitly deferred matters of child custody for further determination, the order was "not a final judicial determination of all the claims raised in the pleadings." *Id.* at 208, 557 S.E.2d at 650. Moreover, the defendant did not argue that delay of her appeal affected any substantial right. The *Washington* Court therefore dismissed defendant's appeal as interlocutory. *See id.*

In the instant case, the trial court's order specifically reserved for further consideration matters of child custody and support. Plaintiff advances no argument regarding any substantial right that would be lost absent immediate appellate review of the trial court's order, nor do we discern such. Furthermore, we note that plaintiff's appeal is from the 1 December 2000 order declining to incorporate the separation agreement into the final divorce judgment. Plaintiff has filed no notice of appeal, however, from the final divorce judgment. The rule against interlocutory appeals "promotes judicial economy by avoiding fragmentary, premature and unnecessary appeals and permits the trial court to fully and finally adjudicate all the claims among the parties before the case is presented to the appellate court." *Jarrell v. Coastal Emergency Services of the Carolinas*, 121 N.C. App. 198, 201, 464 S.E.2d 720, 722-23 (1995). We therefore dismiss plaintiff's appeal.

Appeal dismissed.

Judges MARTIN and BRYANT concur.