LEVINSON, Judge.
Defendant Wallace Conway appeals from an interlocutory order allowing plaintiff's motion to strike a document filed in support of appellant's counterclaim. We dismiss his appeal.
Plaintiffs filed a complaint on 17 October 2002 seeking specific performance, abatement for all encumbrances and liens onthe subject property, and costs and attorney's fees. In their complaint, plaintiffs alleged the following: Defendants are the owners in fee simple of certain inherited real property located in Pitt County, North Carolina. Defendants acquired their interest in this property from their mother, Ethel H. Conway, through her estate. Plaintiff entered into a contract with defendants for the sale of the subject property on or about 8 March 2002. After a title search revealed defects in title and certain other encumbrances to the property, the title insurance company refused to issue a title commitment until these matters were removed by defendants. Because defendants refused to acknowledge or remedy the defects in the title, the sale was not consummated.
Proceeding pro se, defendant filed a counterclaim, accompanied by a supporting letter. The remaining defendants filed an answer. Plaintiff filed a reply to defendant-appellant's counterclaim, and also moved to dismiss defendant's counterclaim and the supporting letter. In response, defendant moved to dismiss plaintiff's complaint, and submitted a document entitled "Supporting Memoranda Pursuant to Local Rule 3.8 for Counterclaims, For Denial of Plaintiff's Motions to Dismiss Counterclaims and To Strike Letter Pursuant to Rule 12(b)(6) & 12f of the Rules of Civil Procedure, For Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 7 of the Rules of Civil Procedure." By order entered 12 September 2003, the superior court granted plaintiff's motion to strike the supporting letter attached to defendant's counterclaim. From this order defendant appeals. "The dispositive issue is whether the appeal must be dismissed as interlocutory. Although the interlocutory nature of the appeal was not raised by the parties, it is appropriately raised by this Court sua sponte." Abe v. Westview Capital, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998) (citing Bailey v. Gooding, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980)). "A judgment is either interlocutory or the final determination of the rights of the parties." N.C.G.S. § 1A-1, Rule 54(a) (2003). "Interlocutory orders are those made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy." Carriker v. Carriker, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999) (citing Veazey v. Durham, 231 N.C. 357, 361, 57 S.E.2d 377, 381 (1950)). In the case sub judice, defendant appeals from an order striking an accompanying document from his counterclaim. This order does not resolve the controversy between the parties, and is interlocutory.
"Generally, there is no right of immediate appeal from interlocutory orders and judgments." Goldston v. American Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, an interlocutory order is subject to immediate appeal under two circumstances, pursuant to either N.C.G.S. §§ 1-277 and 7A-27(d) (2003), or N.C.R. Civ. P. 54(b). First, "if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie." N.C.Dept. of Transportation v. Page, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995) (citations omitted). An interlocutory order is also subject to immediate appellate review if "the challenged order affects a substantial right of the appellant that would be lost without immediate review." Embler v. Embler, 143 N.C. App. 162, 165, 545 S.E.2d 259, 261 (2001).
In the instant case, the order is not final as to any claim or party, and the trial court did not certify it for immediate appeal. Therefore, the only basis upon which this appeal may rest is that the order from which defendant appeals affects a substantial right. See N.C.G.S. §§ 1-277(a) and 7A-27(d)(1)(2003). Under sections 1- 277(a) and 7A-27(d)(1), an otherwise interlocutory order may be appealed upon a showing that: (1) the order affects a substantial right; and (2) the deprivation of that right will potentially work injury to the appellant if not corrected before appeal of the final judgment. Page, 119 N.C. App. At 734, 460 S.E.2d at 334.
Notably, N.C.R. App. P. 28 requires that an appellant's brief contain a statement of the grounds for appellate review containing "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4). Further, in Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994), this Court stated,
[i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantialright which would be jeopardized absent a review prior to a final determination on the merits.
Failure to make such a showing subjects an appeal to dismissal. Id.
In the present case, there is no Rule 54(b) certification by the trial court. Moreover, in violation of N.C.R. App. P. 28(b)(4) and contrary to well-settled case law, defendant-appellant presents no argument that a substantial right will be jeopardized in the absence of immediate review, and we discern none. Accordingly, this appeal is dismissed.
Dismissed.
Judges TIMMONS-GOODSON and CALABRIA concur.
Report per Rule 30(e).