WYNN, Judge.
Plaintiff, James Peverall, Jr., appeals from orders of the trial court: (1) denying his motion to amend the complaint; (2) granting Alamance County's motion for protective orders; (3) granting Alamance County's motion for partial summary judgment; and (4) denying class certification. After careful review, we dismiss Peverall's first three arguments and remand in part for further findings of fact on class certification.
This is the second appeal of this case to this Court. Peverall v. County of Alamance, 154 N.C. App. 426, 573 S.E.2d 517 (2002) review denied 356 N.C. 676, 577 S.E.2d 632 (2003). The facts of this case, stated in greater detail in the earlieropinion, show that Peverall worked as an Emergency Medical Technician for Alamance County until two vehicular accidents forced him to retire based on disability. Following his retirement on disability, Alamance County adopted a new retroactive policy that required county employees to have completed twenty years of continuous employment (instead of five years required under the old policy) to receive benefits. Although Peverall qualified under the old policy with more than five years of employment, he did not have the requisite twenty years of service to qualify for benefits under the new policy.
Peverall brought suit against the county alleging tort, contract, and constitutional claims. The tort claims were previously dismissed based on sovereign immunity. Peverall appealed this decision, but this Court affirmed the decision of the trial court. Id.
After the first appeal, both parties requested a trial date in August 2003. Before trial, the trial court granted Alamance County motions for protective orders regarding the taking of Alamance County Commissioners' depositions, and to limit the number of depositions.
Thereafter, on 2 September 2003, Alamance County moved for summary judgment and Peverall moved for class certification. The next day, Peverall moved to amend the amended complaint, and on 15 September 2003, he moved to amend his motion for class certification. On 21 October 2003, the trial court denied class certification, denied the motion to amend, and granted partialsummary judgment to Alamance County on Peverall's 42 U.S.C. Section 1983 claim.
By this appeal, Peverall first contends the trial court erred in denying his motion to amend the complaint, and granting Alamance County's motions for protective orders and partial summary judgment. Alamance County responds that Peverall's appeal of these issues are impermissibly interlocutory. We agree.
An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all parties involved in the controversy. See Veazey v. City of Durham, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950); Flitt v. Flitt, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002). Generally, there is no right to appeal from an interlocutory order. See N.C. Gen. Stat. § 1A-1, Rule 54(b) (2003); Veazey, 231 N.C. at 362, 57 S.E.2d at 381. But there are two instances where a party may appeal interlocutory orders: (1) when there has been a final determination as to one or more of the claims and the trial court certifies that there is no just reason to delay the appeal, and (2) if delaying the appeal would prejudice a substantial right. See Liggett Group Inc. v. Sunas, 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993).
Here, the trial court made no such certification. Thus, Peverall is limited to the second route of appeal, namely where "the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." N.C. Dep't of Transp. v. Page, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). In such cases, we may review the appeal under sections 1-277(a) and 7A-27(d)(1) of the North Carolina General Statutes. See id. "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party." Flitt, 149 N.C. App. at 477, 561 S.E.2d at 513.
Under North Carolina law, orders denying a motion to amend pleadings are interlocutory and do not affect a substantial right. See Buchanan v. Rose, 59 N.C. App. 351, 352, 296 S.E.2d 508, 509 (1982); Funderburk v. Justice, 25 N.C. App. 655, 656, 214 S.E.2d 310, 311 (1975). In addition, Peverall made no argument that the trial court's denial of his motion to amend the complaint affected a substantial right. Accordingly, we dismiss this assignment of error.
Protective orders and a denial of a motion to compel are discovery orders. Discovery orders are interlocutory and generally do not affect a substantial right which would be lost if the ruling were not reviewed before the final judgment. Sharpe v. Worland, 351 N.C. 159, 163, 522 S.E.2d 577, 579 (1999); see Dunlap v. Dunlap, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807 (1986) (order to produce business records and documents interlocutory and did not affect a substantial right). But our courts have recognized two narrow exceptions to the rule against direct appeal from discovery orders: where such orders include a finding of contempt or othersanctions, Willis v. Duke Power Co., 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976), or where a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order. Sharpe, 351 N.C. at 166, 522 S.E.2d at 581. As the discovery orders in the instant case do not relate to contempt or sanctions nor does any party assert a statutory privilege, the orders do not affect a substantial right. Accordingly, we dismiss these assignments of error.
An order granting partial summary judgment is generally an interlocutory order, not a final order, as it does not completely dispose of the case. Yordy v. N.C. Farm Bureau Mut. Ins. Co., 149 N.C. App. 230, 231, 560 S.E.2d 384, 385 (2002). This Court has repeatedly held that avoiding trial on the merits is not a substantial right. Duquesne Energy, Inc. v. Shiloh Indus. Contractors, Inc., 149 N.C. App. 227, 229, 560 S.E.2d 388, 390 (2002); see Leake v. Sunbelt Ltd. of Raleigh, 93 N.C. App. 199, 206, 377 S.E.2d 285, 289, disc. review denied, 324 N.C. 578, 381 S.E.2d 774 (1989) (citing Horne v. Nobility Homes, Inc., 88 N.C. App. 476, 363 S.E.2d 642 (1988)). Peverall has not identified a substantial right which would be irremediably adversely affected by this Court's refusal to hear this interlocutory appeal. Accordingly, we likewise dismiss this assignment of error.
As to the sole issue remaining on appeal-whether the trial court erred in denying class certification-Alamance County concedes that although interlocutory, the denial of class certification affects a substantial right. Frost v. Mazda Motor of Am., Inc., 353 N.C. 188, 193, 540 S.E.2d 324, 327 (2000); Pitts v. Am. Sec. Ins. Co., 144 N.C. App. 1, 9, 550 S.E.2d 179, 187 (2001). Therefore, appeal on this issue is properly before us.
When considering a motion for class certification under Rule 23 of the North Carolina Rules of Civil Procedure, the trial court must first determine whether the party seeking certification has met its burden of showing that the three prerequisites to certification of a class have been met. English v. Holden Beach Realty Corp., 41 N.C. App. 1, 7, 254 S.E.2d 223, 230, disc. review denied, 297 N.C. 609, 257 S.E.2d 217 (1979). The first prerequisite to certification is the existence of a class. Faulkenbury v. Teachers' & State Employees' Ret. Sys. of N.C., 345 N.C. 683, 697, 483 S.E.2d 422, 431 (1997). "[A] 'class' exists under Rule 23 when the named and unnamed members each have an interest in either the same issue of law or of fact, and that issue predominates over issues affecting only individual class members." Crow v. Citicorp Acceptance Co., Inc., 319 N.C. 274, 280, 354 S.E.2d 459, 464 (1987).
The second prerequisite to certification is that the named class representatives will "fairly and adequately represent the interests of all members of the class[.]" Faulkenbury, 345 N.C. at 697, 483 S.E.2d at 431. To represent fairly and adequately the class members, the class representatives must have no conflict of interest with the members of the class and a genuine personal interest (not a mere technical interest) in the outcome of the case. Id. The third prerequisite to certification is that the proposed class members are "so numerous that it is impractical to bring them all before the court[.]" Id. The test for "impracticability" is "not ' impossibility' of joinder, but only difficulty or inconvenience of joining all members of the class." English, 41 N.C. App. at 6-7, 254 S.E.2d at 229. "The number is not dependent upon any arbitrary limit but rather upon the circumstances of each case." Id. at 7, 254 S.E.2d at 229.
Moreover, our Supreme Court has added the requirement that, "fundamental fairness and due process dictates that adequate notice of the class action be given to [members of the class]." Crow, 319 N.C. at 283, 354 S.E.2d at 466. In addition, the trial court has broad discretion in determining whether class certification is appropriate and is not limited to those prerequisites which have been expressly enunciated in either Rule 23 or in Crow. Id. at 284, 354 S.E.2d at 466; Perry v. Union Camp Corp., 100 N.C. App. 168, 170, 394 S.E.2d 681, 682 (1990).
Since the decision to grant or deny class certification rests within the sound discretion of the trial court, the appropriate standard for appellate review is whether the trial court's decision manifests an abuse of discretion. Nobles v. First Carolina Communications, Inc., 108 N.C. App. 127, 132, 423 S.E.2d 312, 315 (1992). In this regard, an appellate court is bound by the court's findings of fact if they are supported by competent evidence. Howell v. Landry, 96 N.C. App. 516, 523, 386 S.E.2d 610, 614 (1989), disc. review denied, 326 N.C. 482, 392 S.E.2d 90 (1990). Here, the trial court denied class certification after having concluded that,
the plaintiff has failed to establish that the class would be so numerous as to make it impractical to bring each member before the Court; that adequate notice could be given to class members prior to a trial date already set prior to the filing of plaintiff's Motion for Class Certification . . .
The trial court made findings of fact that,
5. As of July 24, 2003, seven (7) employees of the County (including plaintiff) had been denied health and life insurance benefits due to the new policy;
6. The interests of each potential class member as to damages could be expected to vary greatly;
7. Plaintiff's Motion for Class Certification was filed on September 3, 2003, two weeks prior to a scheduled summary judgment hearing and three weeks prior to the scheduled trial date;
8. The plaintiff's failure to seek a ruling from the Court with respect to class certification earlier in the proceedings has adversely impacted his ability to establish that adequate notice can be given to potential members of the class prior to the trial date (now December 1, 2003).
"[F]indings of fact are required by the trial court when rendering a judgment granting or denying class certification in order for the appellate courts to afford meaningful review under the abuse of discretion standard." Nobles, 108 N.C. App. at 133, 423 S.E.2d at 316 (findings of fact inadequate to allow this Court to determine whether the trial court's decision to deny class certification was based upon competent evidence). Such findingsmust be made with sufficient specificity to allow effective appellate review. Id.
As in Nobles, the findings of fact in the instant case were inadequate to allow us an effective appellate review. Id. For instance, finding of fact five, dealing with the numerosity requirement states that there are six other people similarly situated to Peverall. But the transcript of the hearing on class certification and interrogatory answers by the county indicate that there are potentially 376 potential class members, the employees employed with the County of Alamance who had five but less than twenty years of service as of 31 July 1999. The findings fail to address the 376 potential class members, or whether Peverall could fairly and adequately represent them as named plaintiff. Moreover, the trial court made no findings regarding the expected variance in damages; instead, the findings indicate only that variance could be expected. The record also shows that the trial date had been frequently moved, however the findings fail to indicate why adequate notice could not be given.
We conclude that the findings of fact are insufficient to allow us an effective appellate review of the trial court's denial of class certification. Accordingly, we remand this issue for more extensive findings of fact on the issue of class certification.
Dismissed in part, remanded in part.
Judges HUDSON and ELMORE concur.
Report per Rule 30(e).