WYNN, Judge.
Interlocutory orders that have not been certified by the trial court and do not affect a substantial right are not immediately appealable. In this case, Defendant appeals from an order for equitable distribution that does not resolve related claims for alimony and attorney's fees. Because that order is interlocutory and does not affect a substantial right, we dismiss this appeal.
Plaintiff, Diane Hicks Camp, and Defendant, Ronald Steve Camp, married in February 1979 and separated in February 2000 without children. Thereafter, Plaintiff brought an action seeking alimony, post-separation support, attorney's fees, divorce from bed and board, equitable distribution, and possession of property.
Following a hearing on Plaintiff's claim for equitable distribution, Judge Theodore S. Royster, Jr. entered an order distributing the marital residence to Plaintiff but ordering Defendant to be responsible for seventy-five percent of all debt on the marital residence, and dividing the deferred incentive account, 1999 and 2000 bonuses. From that order, Defendant appeals.
The dispositive issue is whether this appeal is premature. An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all parties involved in the controversy. See Veazey v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); Flitt v. Flitt, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002). Generally, there is no right to immediate appeal from an interlocutory order. See N.C. Gen. Stat. § 1A-1, Rule 54(b) (2004); Veazey, 231 N.C. at 362, 57 S.E.2d at 381. In the instant case, the trial court's order did not resolve Plaintiff's claims for alimony and attorney's fees. We conclude that the order from which Defendant appeals was interlocutory.
There are two instances where a party may appeal interlocutory orders: (1) when there has been a final determination as to one or more of the claims and the trial court certifies that there is no just reason to delay the appeal, and (2) if delaying the appeal would prejudice a substantial right. See Liggett Group Inc. v. Sunas, 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993). Here, the trial court made no such certification. Thus, Defendant is limited to the second route of appeal, namely where "the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." N.C. Dep't of Transp. v. Page, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). In such cases, we may review the appeal under sections 1-277(a) and 7A-27(d)(1) of the North Carolina General Statutes. N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (2004). "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party." Flitt, 149 N.C. App. at 477, 561 S.E.2d at 513. "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." McConnell v. McConnell, 151 N.C. App. 622, 625, 566 S.E.2d 801, 803 (2002).
Interlocutory appeals that challenge only the financial repercussions of a separation or divorce generally have not been held to affect a substantial right. Embler v. Embler, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001); see, e.g., Stafford v. Stafford, 133 N.C. App. 163, 515 S.E.2d 43 (1999) (parties sought immediate review, prior to equitable distribution trial, of date of separation used by trial court in its entry of order granting absolute divorce; held not to affect substantial right where date relevant only to equitable distribution claim); Rowe v. Rowe, 131 N.C. App. 409, 507 S.E.2d 317 (1998) (orders awarding post-separation support not immediately appealable); Hunter v. Hunter, 126 N.C. App. 705, 486 S.E.2d 244 (1997) (interim equitable distribution order not immediately appealable); Dixon v. Dixon, 62N.C. App. 744, 303 S.E.2d 606 (1983) (order requiring one spouse to return property to marital home pending resolution of equitable distribution and divorce actions not immediately appealable).
In Embler, the defendant appealed from an equitable distribution order that left open the related issue of alimony. 143 N.C. App. at 165, 545 S.E.2d at 262. This court held that the order did not affect a substantial right or present a danger of inconsistent verdicts. Id. at 167, 545 S.E.2d at 262-63.
As in Embler, here, Defendant is appealing an equitable distribution order that left open the related issue of alimony, along with a claim for attorney's fees. Following Embler, this Order for Equitable Distribution does not affect a substantial right. Id. at 167, 545 S.E.2d at 262. Accordingly, we dismiss this appeal as interlocutory.
Dismissed.
Judges McGEE and TYSON concur.
Report per Rule 30(e).