An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-900

Filed 17 June 2026

Edgecombe County, No. 24CVS000876-320

RUSSELL W. JOHNSON, GUARDIAN AD LITEM FOR JANE DOE, A MINOR CHILD,

Plaintiff,

v.

ENC INVESTMENT GROUP, LLC, THORNE REALTY, INC., MORGAN'S TERMITE & PEST CONTROL, INC., AND GREGORY BATTLE,

Defendants.

Appeal by plaintiff from order entered 30 April 2025 by Judge John Dunlow in Edgecombe County Superior Court. Heard in the Court of Appeals 25 March 2026.

*Howard Stallings Law Firm, by Matthew T. Langston and Robert H. Jessup, for plaintiff-appellant.*

*McAngus Goudelock & Courie, PLLC, by Tien K. Cheng, for defendants-appellees ENC Investment Group, LLC and Thorne Realty, Inc.*

ZACHARY, Judge.

Plaintiff Russell W. Johnson, guardian ad litem for Jane Doe, a minor child, appeals from the trial court's order granting the motions to dismiss filed by Defendants ENC Investment Group, LLC and Thorne Realty, Inc. (collectively,

"Defendants ENC and Thorne Realty") and dismissing Plaintiff's complaint as to Defendants ENC and Thorne Realty. After careful review, we dismiss Plaintiff's interlocutory appeal.

## I.     Background

The relevant factual allegations of Plaintiff's complaint, which for purposes of this appeal are taken as true, are as follows:

On 11 January 2024, Jane Doe,[1] a minor child, was sexually assaulted and battered by Gregory Battle, an employee of Morgan's Termite & Pest Control, Inc., in the apartment in which Jane resided with her mother. Defendant ENC is the corporate landlord of the subject property, and Defendant Thorne Realty is the property-management company.

On 25 November 2024, Plaintiff filed a complaint in Edgecombe County Superior Court advancing six claims for relief: claims of assault and of battery against Battle; claims of negligent hiring, retention, and supervision and of "vicarious liability" against Morgan's Termite & Pest Control, Inc.; and separate claims of negligence against Defendants ENC and Thorne Realty, respectively. The complaint enumerated several identical bases for the claims of negligence against Defendants ENC and Thorne Realty:

> a. In failing to proper[l]y vet Morgan's Termite & Pest

---

[1] In his complaint, Plaintiff stated that "[t]o protect her identity as a victim of sexual abuse, . . . Jane Doe is identified herein by pseudonym; however, her legal name is filed under seal with the [c]ourt." We similarly adopt this pseudonym.

Control, Inc., prior to hiring the company and providing it with unfettered access to the Subject Property;

b. In failing to investigate . . . Battle, and his background, prior to allowing him into residential units unaccompanied;

c. In failing to abide by the terms of the Addendum to Residential Rental Contract by providing access to . . . Morgan's Termite & Pest Control, Inc., and/or . . . Battle.

d. In failing to use ordinary care in the oversight and supervision of . . . Battle, including reckless disregard for the safety and sanctity of residents in Northgate Apartments; and

e. As otherwise will be proven through discovery and trial.

In February 2025, Defendants ENC and Thorne Realty filed motions to dismiss the claims against them pursuant to Rule 12(b)(6). The motions came on for hearing in Edgecombe County Superior Court on 28 April 2025. In an order entered on 30 April 2025, the trial court granted the motions to dismiss and dismissed Plaintiff's complaint as to Defendants ENC and Thorne Realty.

Plaintiff filed timely notice of appeal.

## II.    **Appellate Jurisdiction**

There is no dispute that the order from which Plaintiff appeals is interlocutory, in that the trial court dismissed Plaintiff's complaint with regard to only two of the four defendants, leaving pending Plaintiff's claims against Battle and Morgan's Termite & Pest Control, Inc. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the

trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).

"As a general proposition, only final judgments, as opposed to interlocutory orders, may be appealed to the appellate courts." *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 77, 711 S.E.2d 185, 188 (2011). "However, immediate appeal of interlocutory orders and judgments is available in at least two instances: when the trial court certifies, pursuant to [N.C. Gen. Stat.] § 1A-1, Rule 54(b), that there is no just reason for delay of the appeal; and when the interlocutory order affects a substantial right." *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009) (extraneity removed).

"Our Supreme Court has consistently defined a substantial right as a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which one is entitled to have preserved and protected by law: a material right." *Mecklenburg Roofing, Inc. v. Antall*, 291 N.C. App. 351, 353, 895 S.E.2d 877, 879 (2023) (extraneity removed). "This right must be one [the appellant] might lose if the order is not reviewed before final judgment." *Land v. Whitley*, 388 N.C. 296, 303, 920 S.E.2d 823, 829 (2025) (extraneity removed).

"It is usually necessary to resolve the question [of a substantial right] in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Bernick v. Jurden*, 306

N.C. 435, 439, 293 S.E.2d 405, 408 (1982) (citation omitted). "Whether a particular ruling affects a substantial right must be determined on a case-by-case basis." *Doe v. City of Charlotte*, 273 N.C. App. 10, 22, 848 S.E.2d 1, 10 (2020) (extraneity removed). "In making this determination, we take a restrictive view of the substantial right exception to the general rule prohibiting immediate appeals from interlocutory orders." *Hamilton*, 212 N.C. App. at 78, 711 S.E.2d at 189 (extraneity removed).

"To confer appellate jurisdiction based on a substantial right, the appellant must include in its opening brief, in the statement of the grounds for appellate review, sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." *Mecklenburg Roofing*, 291 N.C. App. at 354, 895 S.E.2d at 879 (citation omitted). "It is not the duty of this Court to construct arguments for or find support for [an] appellant's right to appeal from an interlocutory order"; rather, "the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). "If the appellant's opening brief fails to explain why the challenged order affects a substantial right, we must dismiss the appeal for lack of appellate jurisdiction." *Mecklenburg Roofing*, 291 N.C. App. at 354, 895 S.E.2d at 879 (extraneity removed).

Here, Plaintiff contends that a substantial right would be lost unless this order is immediately reviewed because of the risk of inconsistent verdicts. "[T]he right to

avoid a trial is generally not a substantial right, but the right to avoid two trials *on the same issue* may be" where this situation creates "the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 735, 460 S.E.2d 332, 335 (1995) (emphasis added) (citation omitted). A party seeking review of an interlocutory order on this basis must "show that (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." *Id.* at 736, 460 S.E.2d at 335.

Plaintiff argues that "the risk of inconsistent verdicts is concrete since the same core factual questions would be litigated first against" Morgan's Termite & Pest Control, Inc., and Battle "and again against" Defendants ENC and Thorne Realty "in a second trial." However, Plaintiff's "statement of the grounds for appellate review is wholly insufficient." *Mecklenburg Roofing*, 291 N.C. App. at 356, 895 S.E.2d at 880.

Plaintiff's statement of the grounds for appellate review in this appeal is devoid of any argument that his claims against Defendants ENC and Thorne Realty could proceed to trial, which would be necessary for Plaintiff to be deprived of any substantial right. While the statement of the grounds for appellate review discusses the risk of inconsistent verdicts if Plaintiff *were* to face two trials, by engaging in this discussion, Plaintiff assumes that his claims could reach the trial stage, an assumption directly contrary to the order of the trial court. By granting Defendants ENC's and Thorne Realty's 12(b)(6) motions to dismiss, the trial court determined

that the claims against Defendants ENC and Thorne Realty were not properly before the court, and, *ipso facto*, could never proceed to trial. Plaintiff bears the burden of first demonstrating to this Court that his claims are capable of proceeding beyond the pleading stage, let alone presenting the risk of inconsistent verdicts. Plaintiff has failed to carry this burden.

Plaintiff only begins to make arguments concerning the viability of his claims in the merits section of his appellate brief. However, these arguments themselves raise serious issues as to Plaintiff's ability to proceed beyond the pleading stage. Plaintiff's complaint makes no allegation that Defendants ENC and Thorne Realty had any knowledge of flaws in Morgan's Termite & Pest Control, Inc.'s hiring process or knowledge that Battle had a criminal record. Because duty rests on the foreseeability of harm, *Fussell v. N.C. Farm Bureau Mut. Ins. Co.*, 364 N.C. 222, 226, 695 S.E.2d 437, 440 (2010), duty in the situation presented by Plaintiff's complaint would rest more properly with Morgan's Termite & Pest Control, Inc., than with Defendants ENC and Thorne Realty. Morgan's Termite & Pest Control, Inc., as the party hiring the individuals who enter living spaces, would have an ability to assess the criminal records and duties of their employees superior to that of Defendants ENC and Thorne Realty, who simply "hired what they thought was a reputable pest control company." Where there is no duty, there can be no negligence, and Plaintiff's claims could not proceed to trial in that circumstance.

In any case, whether Plaintiff is correct on the merits is ultimately immaterial,

as "this Court lacks jurisdiction to review [Plaintiff]'s arguments when [the] statement of the grounds for appellate review is insufficient to invoke our interlocutory jurisdiction to reach those arguments." *Mecklenburg Roofing*, 291 N.C. App. at 358, 895 S.E.2d at 882. "In essence, [Plaintiff] asks us to assume" that his ability to proceed beyond the pleading stage is "self-evident and supported by the record." *Id.* However, "[Plaintiff] only begins to expound upon th[is] assertion[ ] in the merits section of [his] brief. This approach improperly assumes that [Plaintiff]'s burden is met, and instead, places the burden upon this Court to divine the basis for the exercise of our interlocutory jurisdiction." *Id.* "That is not our role; we cannot construct arguments for or find support for [Plaintiff]'s right to appeal from an interlocutory order." *Doe*, 273 N.C. App. at 22, 848 S.E.2d at 10 (extraneity removed).

Accordingly, "we must dismiss the appeal for lack of appellate jurisdiction." *Mecklenburg Roofing*, 291 N.C. App. at 354, 895 S.E.2d at 879 (citation omitted).

### III.  Conclusion

For the foregoing reasons, we dismiss Plaintiff's appeal as interlocutory.

DISMISSED.

Judges FLOOD and STADING concur.

Report per Rule 30(e).